**RADIATOR SPECIALTY COMPANY,**
Defendant-Appellant,

v.

**Frank MICEK, Administrator of the Estate of Richard Micek, Deceased,**
Plaintiff-Appellee.

No. 21316.

United States Court of Appeals
Ninth Circuit.

May 8, 1968.

Channing L. Richards (argued) of Richards & Shefte, Charlotte, N. C., Miketta, Glenny, Poms & Smith, Los Angeles, Cal., for appellant.

Horace B. Van Valkenburgh (argued), Denver, Colo., Francis A. Utecht of Fulwider, Patton, Rieber, Lee & Utecht, Long Beach, Cal., for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

CHAMBERS, Circuit Judge:

In Radiator Specialty Company v. Micek, 9 Cir., 327 F.2d 554, cert. denied 379 U.S. 821, 85 S.Ct. 41, 13 L.Ed.2d 31, we upheld the district court's interlocutory determination that Radiator's Seal-O-Matic valve flusher infringed Micek's patent called Positive Flush Control.

The case went back to the district court for determination of damages. There was a change in trial judges. The new judge adopted a "reasonable royalty" theory for compensation. Then he tripled it. (The damages as trebled amounted to approximately $25,000.) Interest was fixed to run on the tripled amount from the date of the interlocutory decree. Attorney fees of slightly over $20,000 were allowed as reasonable.

On this appeal, Radiator attacks the trebled damages, the interest on the trebled damages and the amount of the attorney fee award.

■ We affirm as to treble damages. Obviously, the second judge was at a disadvantage in determining whether simple or trebled damages should be awarded. Nevertheless, we hold there was enough in the lengthy interlocutory findings of the first judge to permit the second judge to find sufficient circumstances for an exemplary increase.

■ As to the interest, there is some authority that in some cases interest may be allowed from date of infringement. It was not so allowed here. There was no cross-appeal. So the question of interest from the date of infringement is not before us. We find no authority for interest from the date of an interlocutory decree providing for damages as yet unascertained and for which no formula had then evolved. Thus, we think the interest here must fall under the general rule on unliquidated damages: interest from date of ascertainment. Duplate Corp. v. Triplex Safety

Glass Co., 298 U.S. 448, 459, 56 S.Ct. 792, 80 L.Ed. 1274. Consequently, we hold that all interest should be computed from June 6, 1966, the date of the ultimate judgment.

The interlocutory decree provided for reasonable attorneys' fees. This we affirmed on the prior appeal, stating:

> "But here there have been findings supported by substantial evidence that there was poaching on the product of Micek's mind in a rather aggravated way. Under such findings, allowance of reasonable attorneys' fees is within the discretion of the trial court." Radiator Specialty Company v. Micek, supra, 327 F.2d at p. 556.

Of course, the amount of attorneys' fees to be allowed had not then been determined.

On this appeal, appellant contends that the amount allowed exceeds reasonableness, claiming, among other things, that the appellee should be held to an amount calculated under the original contract with his lawyer.[1] Purportedly this contract was amended.[2] 35 U.S.C. § 285 provides:

> "The court in exceptional cases may award reasonable attorneys' fees to the prevailing party."

 In our view, the district court in fixing the amount to be awarded must be guided by reasonableness but is not required to adopt as reasonable the amount fixed in the fee contract between the successful party and his lawyer. The district court may take into consideration the amount provided in such fee contract in determining the amount to be awarded as reasonable attorneys' fees. It is not bound by it.

The defendant-appellant did not stipulate that appellee could have the $20,000 (plus) fee, but he did stipulate that it was within the scale of fees charged by patent lawyers in the particular area concerned. Thus, we cannot say that the amount is too much.

We hold that the award of attorneys' fees in the amount of $20,192.37 is not excessive and such award constituted no abuse of discretion on the part of the district court.

The case is reversed on the issue of interest. Other than as to interest, the final judgment is affirmed. Inasmuch as we hold appellant partly right on this appeal, appellee's prayer for attorneys' fees here is denied. Appellant may recover half of its costs on appeal.

---

1. Richard Micek had entered into a contingency contract with his lawyer providing for 50% of the first $10,000, 40% of the next $10,000, 30% of the next $10,000, 20% of the next $10,000 and 10% of all thereafter.

2. During the trial on the damage issue, Frank Micek, Richard's brother, and the attorney changed the contract from a contingency basis to a basis of time spent to match the affidavits submitted in their claim for reasonable attorneys' fees. Somehow we find this contract amendment rather annoying, but do not hold that it barred recovery of a reasonable attorneys' fee.