GENERAL MOTORS CORP. *v.* DEVEX CORP. ET AL.

No. 81–1661.   Argued December 7, 1982—Decided May 24, 1983

MARSHALL, J., delivered the opinion for a unanimous Court. STEVENS, J., filed a concurring opinion, *post*, p. 658.

*George E. Frost* argued the cause for petitioner. With him on the briefs was *Arthur G. Connolly.*

*Sidney Bender* argued the cause for respondents. With him on the brief were *Aaron Lewittes, Frederick B. Ziesenheim, David F. Anderson, William C. McCoy, Jr.,* and *Lynn Alstadt.**

JUSTICE MARSHALL, delivered the opinion of the Court.

This case concerns the proper standard governing the award of prejudgment interest in a patent infringement suit under 35 U. S. C. § 284.

I

In 1956 respondent Devex Corporation (Devex) filed a suit for patent infringement against petitioner General Motors Corporation (GMC) in the United States District Court for the Northern District of Illinois.[1] Devex alleged that GMC was infringing Reissue Patent No. 24,017, known as the "Henricks" or "Devex" patent. The patent covered a lubricating process used in the cold-forming of metal car

---

*\*James B. Lynn, James N. Dresser,* and *Brian J. Leitten* filed a brief for the Bar Association of the District of Columbia as *amicus curiae* urging affirmance.

[1] The suit also named Houdaille Industries as a defendant. After the case against GMC was transferred to the United States District Court for the District of Delaware, the case against Houdaille Industries was tried separately, see *Devex Corp.* v. *Houdaille Industries, Inc.*, 382 F. 2d 17 (CA7 1967), and eventually settled.

parts by pressure.[2]    On June 29, 1962, the District Court held the Devex patent invalid and entered judgment for GMC.   On appeal the United States Court of Appeals for the Seventh Circuit reversed the finding of invalidity and remanded for further proceedings.   *Devex Corp.* v. *General Motors Corp.*, 321 F. 2d 234 (1963), cert. denied, 375 U. S. 971 (1964).

The case was then transferred to the United States District Court for the District of Delaware.    After a trial the District Court ruled that there had been no infringement. 316 F. Supp. 1376 (1970).   The United States Court of Appeals for the Third Circuit reversed, holding that the patent was infringed by GMC's use of certain processes in the production of bumpers and cold-extruded nonbumper parts. 467 F. 2d 257 (1972), cert. denied, 411 U. S. 973 (1973).

On remand the case was referred to a Special Master for an accounting.   The Special Master ruled that three major divisions of GMC had used infringing processes in the manufacture of bumper parts, and selected a royalty rate "by reference to hypothetical negotiations" that it found would have taken place if GMC had sought to obtain a license from Devex.   Special Master's Report, at 71.   See 667 F. 2d 347,

---

[2] Claim 4 of the patent covers:

"The process of working ferrous metal which comprises forming on the surface of the metal a phosphate coating and superimposing thereon a fixed film of a composition comprising a solid meltable organic binding material containing distrubted there through a solid inorganic compound meltable at a temperature below the melting point of the ferrous metal phosphate of said coating and having a hardness not exceeding 5 on the Mohs' hardness scale, and thereafter deforming the metal."

In less technical terms, the Devex process employed "phosphate, soap and borax . . . to lubricate the pressure-forming operation, preventing harmful contact between the metal products and the machinery with which they are formed . . . .   [T]he phosphate, soap and borax combination is especially beneficial because it may be easily cleaned from the metal product following its formation."   494 F. Supp. 1369, 1372 (Del. 1980).

352 (CA3 1981).[3]  The District Court modified the royalty rate selected by the Special Master and entered judgment pursuant to 35 U. S. C. § 284, awarding Devex $8,813,945.50 in royalties, $11,022,854.97 in prejudgment interest, and postjudgment interest at the rate allowed by state law.  494 F. Supp. 1369 (1980).  The court determined what the annual royalty payments would have been, and calculated prejudgment interest on each payment from the time it would have become due.  The Court of Appeals affirmed.  667 F. 2d 347 (1981).  The court held that "the award of [prejudgment] interest as the yearly royalty payments became due was not an abuse of discretion."  *Id.*, at 363.  We granted certiorari to consider the standard applicable to the award of prejudgment interest under 35 U. S. C. § 284, 456 U. S. 988 (1982), and we now affirm.

## II

Prior to 1946 the provision of the patent laws concerning a plaintiff's recovery in an infringement action contained no reference to interest.[4]  The award of interest in patent cases was governed by the common-law standard enunciated in several decisions of this Court.  *E. g., Duplate Corp.* v. *Triplex Safety Glass Co.*, 298 U. S. 448 (1936); *Tilghman* v. *Proctor*, 125 U. S. 136 (1888).  Under the *Duplate* standard, prejudgment interest was generally awarded from the date

---

[3] The Special Master also ruled that multiple damages and attorney's fees, which are authorized by 35 U. S. C. §§ 284 and 285, would be inappropriate in this case.  667 F. 2d, at 356, n. 8.  These findings were adopted by the District Court and affirmed by the Court of Appeals and are not before us.

[4] Rev. Stat. § 4921, as amended, 42 Stat. 392, 35 U. S. C. § 70 (1964 ed.), provided in relevant part:

"[U]pon a decree being rendered in any such case for an infringement the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby."

on which damages were liquidated, and could be awarded from the date of infringement in the absence of liquidation only in "exceptional circumstances," such as bad faith on the part of the infringer. 298 U. S., at 459.[5]

In 1946 Congress adopted amendments to the provision of the patent laws governing recovery in infringement actions. Act of Aug. 1, 1946, § 1, 60 Stat. 778, 35 U. S. C. §§ 67, 70 (1946 ed.).[6] One of the amended provisions, which has since been recodified as 35 U. S. C. § 284, states in relevant part:

> "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."

The Courts of Appeals have reached differing conclusions as to whether § 284 incorporates the *Duplate* standard and more generally as to the standard governing the award of prejudgment interest under § 284.[7]

---

[5] Under the common-law rule a plaintiff's damages were often treated as liquidated if they were relatively certain and ascertainable by reference to established market values. See generally *Miller* v. *Robertson*, 266 U. S. 243, 258 (1924); D. Dobbs, Law of Remedies § 3.5 (1973); C. McCormick, Law of Damages §§ 51, 54–56 (1935); Prejudgment Interest: An Element of Damages Not to be Overlooked, 8 Cumberland L. Rev. 521, 522–523 (1977). Thus a plaintiff whose damages were determined by reference to an established royalty that the plaintiff charged for the use of the patent was entitled to prejudgment interest. In contrast, where a plaintiff's damages, as here, were based on a reasonable royalty determined by the court, they were unliquidated and not entitled to prejudgment interest, absent exceptional circumstances.

[6] In the 1952 codification, §§ 67 and 70 of the 1946 Code were consolidated in § 284, which has remained unchanged through the present day. The stated purpose of the codification was merely "reorganization in language to clarify the statement of the statutes." H. R. Rep. No. 1923, 82d Cong., 2d Sess., 10, 29 (1952).

[7] Compare *Columbia Broadcasting System, Inc.* v. *Zenith Radio Corp.*, 537 F. 2d 896 (CA7 1976) (no prejudgment interest absent exceptional cir-

We have little doubt that §284 does not incorporate the *Duplate* standard. Under that standard, which evolved as a matter of federal common law, prejudgment interest could not be awarded where damages were unliquidated, absent bad faith or other exceptional circumstances. By contrast, §284 gives a court general authority to fix interest and costs. On the face of §284, a court's authority to award interest is not restricted to exceptional circumstances, and there is no warrant for imposing such a limitation. When Congress wished to limit an element of recovery in a patent infringement action, it said so explicitly. With respect to attorney's fees, Congress expressly provided that a court could award such fees to a prevailing party only "in exceptional cases." 35 U. S. C. §285.[8] The power to award interest was not similarly restricted.

There is no basis for inferring that Congress' adoption of the provision concerning interest merely incorporated the *Duplate* standard. This is not a case in which Congress has reenacted statutory language that the courts had interpreted in a particular way. In such a situation, it may well be appropriate to infer that Congress intended to adopt the established judicial interpretation. See, *e. g.*, *Herman &*

---

cumstances); *Radiator Specialty Co.* v. *Micek*, 395 F. 2d 763 (CA9 1968) (same) (dictum), with *Georgia-Pacific Corp.* v. *U. S. Plywood-Champion Papers, Inc.*, 446 F. 2d 295 (CA2) (§284 does not incorporate *Duplate* standard), cert. denied, 404 U. S. 870 (1971); *Trio Process Corp.* v. *L. Goldstein's Sons, Inc.*, 638 F. 2d 661 (CA3 1981) (same); *General Electric Co.* v. *Sciaky Bros. Inc.*, 415 F. 2d 1068 (CA6 1969) (same); *Milgo Electronic Corp.* v. *United Business Communications, Inc.*, 623 F. 2d 645 (CA10) (same), cert. denied, 449 U. S. 1066 (1980).

[8] Section 285 provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." The phrase "exceptional cases" was not contained in the 1946 amendments, but was added by the 1952 compilation for purposes of clarification only. See n. 6, *supra*. The language of the 1946 amendments provided in relevant part that "the Court may *in its discretion* award reasonable attorney's fees to the prevailing party." 35 U. S. C. §70 (1964 ed.) (emphasis added).

*MacLean* v. *Huddleston,* 459 U. S. 375, 384–386 (1983); *Lorillard* v. *Pons,* 434 U. S. 575, 580–581 (1978). In this case, however, the predecessor statute did not contain any reference to interest, and the 1946 amendments specifically added a provision concerning interest in patent infringement actions. We cannot agree with petitioner that the only significance of Congress' express provision for the award of interest was the incorporation of a common-law standard that developed in the absence of any specific provision concerning interest.

Having decided that § 284 does not incorporate the *Duplate* rule, we turn to a consideration of the proper standard for awarding prejudgment interest under that provision. Although the language of § 284 supplies little guidance as to the appropriate standard, for the reasons elaborated below we are convinced that the underlying purpose of the provision strongly suggests that prejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement.

Both the background and language of § 284 provide evidence of this fundamental purpose. Under the pre-1946 statute, the owner of a patent could recover both his own damages and the infringer's profits. See *Aro Mfg. Co.* v. *Convertible Top Co.,* 377 U. S. 476, 505 (1964); n. 4, *supra.* A patent owner's ability to recover the infringer's profits reflected the notion that he should be able to force the infringer to disgorge the fruits of the infringement even if it caused him no injury. In 1946 Congress excluded consideration of the infringer's gain by eliminating the recovery of his profits, *Aro Mfg. Co., supra,* at 505, the determination of which had often required protracted litigation. H. R. Rep. No. 1587, 79th Cong., 2d Sess., 1–2 (1946); S. Rep. No. 1503, 79th Cong., 2d Sess., 2 (1946); 92 Cong. Rec. 9188 (1946) (remarks of Sen. Pepper). At the same time, Congress sought to ensure that the patent owner would in fact receive full compensation for "any damages" he suffered as a result of the

infringement.   See H. R. Rep. No. 1587, *supra,* at 1 ("any damages the complainant can prove"); S. Rep. No. 1503, *supra,* at 2 (same).   Accordingly, Congress expressly provided in § 284 that the court "shall award the claimant damages *adequate to compensate* for the infringement."   (Emphasis added.)[9]

The standard governing the award of prejudgment interest under § 284 should be consistent with Congress' overriding purpose of affording patent owners complete compensation. In light of that purpose, we conclude that prejudgment interest should ordinarily be awarded.   In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement.[10]   An award of interest from the time that

---

[9] The wording of the amendment passed by Congress in 1946 was slightly different.   It provided that the claimant "shall be entitled to recover general damages which shall be *due compensation*" for the infringement.   35 U. S. C. § 70 (1946 ed.) (emphasis added).   See n. 6, *supra.*

Section 284 derived from a House bill which specifically provided for an award of interest "from the time the infringement occurred."   H. R. 5311, 79th Cong., 2d Sess. (1946); see H. R. Rep. No. 1587, 79th Cong., 2d Sess., pt. 2, p. 1 (1946).   The bill as modified by the Senate Committee and enacted into law replaced this language with the language currently contained in § 284.   The legislative history suggests that the language substitution was intended solely to make the award of attorney's fees discretionary rather than mandatory; there was no indication that the Senate Committee intended any substantive change in the treatment of interest.   See S. Rep. No. 1503, 79th Cong., 2d Sess., 2 (1946).   The passage of the Senate bill in the House was preceded by an assurance by Representative Lanham, who managed the bill, that the only substantive modification of the House bill concerned the attorney's fees provision.   92 Cong. Rec. 9881 (1946).

[10] See *Waite* v. *United States,* 282 U. S. 508, 509 (1931); *Jacobs* v. *United States,* 290 U. S. 13, 16 (1933) (interest from time of the taking is necessary to constitute adequate compensation under the Fifth Amendment); *Miller* v. *Robertson,* 266 U. S. 243, 258 (1924) (prejudgment interest required for "full compensation").   The traditional view, which treated prejudgment in-

the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the forgone use of the money between the time of infringement and the date of the judgment.

This very principle was the basis of the decision in *Waite* v. *United States*, 282 U. S. 508 (1931), which involved a patent infringement suit against the United States. The patent owner had been awarded unliquidated damages in the form of lost profits, but had been denied an award of prejudgment interest. This Court held that an award of prejudgment interest to the patent owner was necessary to ensure "complete justice as between the plaintiff and the United States," *id.*, at 509, even though the statute governing such suits did not expressly provide for interest. Just as § 284 provides that the court shall award "damages adequate to compensate for the infringement," the statute at issue in *Waite* provided that the patentee shall receive "reasonable and entire compensation." 35 U. S. C. § 68 (1940 ed.). In addition, § 284 contains a specific provision concerning interest. *Waite* thus provides strong support for our conclusion that prejudgment interest should ordinarily be awarded under § 284.

We do not construe § 284 as requiring the award of prejudgment interest whenever infringement is found. That provision states that interest shall be "fixed by the court," and in our view it leaves the court some discretion in award-

---

terest as a penalty awarded on the basis of the defendant's conduct, has long been criticized on the ground that prejudgment interest represents "delay damages" and should be awarded as a component of full compensation. See Dobbs, *supra* n. 5, § 3.5, at 174; McCormick, *supra* n. 5, § 51, at 206–211; 8 Cumberland L. Rev., *supra* n. 5, at 521. A rule denying prejudgment interest not only undercompensates the patent owner but also may grant a windfall to the infringer and create an incentive to prolong litigation. There is no reason why an infringer should stand in a better position than a party who agrees to pay a royalty and then fails to pay because of financial difficulties.

ing prejudgment interest. For example, it may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit.[11] There may be other circumstances in which it may be appropriate not to award prejudgment interest. We need not delineate those circumstances in this case. We hold only that prejudgment interest should be awarded under § 284 absent some justification for withholding such an award.

## III

Because we hold that prejudgment interest should ordinarily be awarded absent some justification for withholding such an award, a decision to award prejudgment interest will only be set aside if it constitutes an abuse of discretion. The District Court held that GMC infringed Devex's patent over the course of a number of years and awarded Devex a reasonable royalty as compensation. While GMC contends that Devex was guilty of causing unnecessary delay, the District Court rejected this contention when it concluded that "Devex has done no worse than fully litigate its claims achieving a large judgment in its favor" and awarded Devex costs on the basis of this conclusion. 494 F. Supp., at 1380.[12] On these facts, we agree with the Court of Appeals that the award of prejudgment interest was proper.

---

[11] See, *e. g.*, *Board of Comm'rs* v. *United States*, 308 U. S. 343, 352–353 (1939); *Redfield* v. *Bartels*, 139 U. S. 694, 701 (1891); *First National Bank of Chicago* v. *Material Service Corp.*, 597 F. 2d 1110, 1120–1121 (CA7 1979). See generally McCormick, *supra* n. 5, at 220–221, 228–229 (cases cited therein); 8 Cumberland L. Rev., *supra* n. 5, at 534 (cases cited therein). The determination whether the plaintiff has unduly delayed prosecution of the lawsuit is committed to the discretion of the district court and is reviewable on appeal only for abuse of discretion.

[12] The District Court's decision to award costs rested on its conclusion that Devex did not cause "unnecessary delay or [obtain] only slight success." 494 F. Supp., at 1380. The Court of Appeals affirmed the award of costs, and that issue is not before us.

Accordingly, the judgment of the Court of Appeals for the Third Circuit is

*Affirmed.*

JUSTICE STEVENS, concurring.

The 1946 amendments to the patent laws replaced the *Duplate* standard with a presumption favoring the award of prejudgment interest in the ordinary case. As the Court correctly holds, however, § 284 does not automatically require an "award of prejudgment interest whenever infringement is found." *Ante,* at 656. In exercising its discretion to deny such interest in appropriate cases, the trial court may properly take into account the nature of the patent and the strength of the defendant's challenge.

In other contexts we have noted the public function served by patent litigation. In *Lear, Inc.* v. *Adkins,* 395 U. S. 653, 670 (1969), Justice Harlan, writing for the Court, explained:

> "A patent, in the last analysis, simply represents a legal conclusion reached by the Patent Office. Moreover, the legal conclusion is predicated on factors as to which reasonable men can differ widely. Yet the Patent Office is often obliged to reach its decision in an *ex parte* proceeding, without the aid of the arguments which could be advanced by parties interested in proving patent invalidity."

Hence, a patent challenge in the courts permits a more informed decision regarding the merits of a particular patent. And, as we have long recognized, "[i]t is as important to the public that competition should not be repressed by worthless patents, as that the patentee of a really valuable invention should be protected in his monopoly . . . ." *Pope Manufacturing Co.* v. *Gormully,* 144 U. S. 224, 234 (1892).

Of course, the general public interest in patent litigation does not justify denial of prejudgment interest in the typical

case in which infringement is found.   Wisely today the Court does not attempt to define precisely the category of cases in which an infringer, although ultimately unsuccessful in litigation, may have been sufficiently justified in its challenge to a particular patent to make it appropriate for the district court to exercise its discretion to deny prejudgment interest. But the existence of that category of cases should not be overlooked.