PHILIP MORRIS, INC., et al., Plaintiffs,

v.

BROWN & WILLIAMSON TOBACCO CORPORATION, Defendant.

Civ. A. No. 84–255–3–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Oct. 7, 1986.

Cubbedge Snow, Jr., Martin, Snow, Grant & Napier, Macon, Ga., Albert E. Fey, W. Edward Bailey, Thomas L. Secrest, Denise L. Loring, Fish & Neave, New York City, James E. Schardt, Richmond, Va., David L. Rae, Montvale, N.J., for plaintiffs.

Bruce W. Baber, Atlanta, Ga., for defendant.

## SUPPLEMENTAL OPINION

OWENS, District Judge.

On August 29, 1986, defendant Brown & Williamson Tobacco Corporation ("B & W") formally moved for clarification of this court's August 20, 1986, memorandum opinion, 641 F.Supp. 1438, pursuant to Fed. R.Civ.P. 54(b). B & W seeks clarification of the following issue: "that operation by B & W of its MET plant in accordance with a patent sub-license agreement with British-American Tobacco Company Limited ("BATCO") does not and would not violate the language of the permanent injunction contained in the Court's decision." Defendant's motion for clarification of the court's August 20, 1986, decision at 1. BATCO executed a sub-license agreement purportedly licensing B & W to practice the inventions of the patents in suit on August 21, 1986, the day after this court found B & W liable for patent infringement.

The issue of the appropriate measure of damages is also before the court. The parties have submitted their suggestions with respect to resolution of the outstanding damage issues as directed. Accordingly, the damage issues are now ripe for decision. This supplemental opinion comprises the court's final ruling with respect to the remaining issues before it: damages and the propriety of B & W's prospective patent sub-license.

As a preliminary matter, the court notes that these issues are properly before it because no final judgment has been entered in this case pursuant to Fed.R.Civ.P. 54(b) or Rule 58. Thus the August 20, 1986, memorandum opinion is literally an "order or other form of decision [which] is subject to revision at any time before the entry of judgment." Fed.R.Civ.P. 54(b). For example, the court observes sua sponte that it erroneously stated that the Markwood Patent, United States Patent Number 4,165,012 issued on March 29, 1979, in its findings of fact numbers 148 and 194. *See*

memorandum opinion of August 20, 1986, at 47, 63, and 116. This is incorrect; the court now finds that the Markwood patent actually issued on August 21, 1979. Plaintiffs' exhibit 331. Therefore, the court takes this opportunity to revise its opinion of August 20, 1986, and correct its inadvertent clerical error and mistake before addressing the outstanding substantive issues. The Markwood patent issued in August, 1979, not March.

### A. B & W's Patent Sublicense

■ It is the opinion of this court that the question of B & W's entitlement to a prospective patent sublicense does not present a justiciable controversy.

A "controversy" ... must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as *distinguished from an opinion advising what the law would be upon a hypothetical state of facts.* Where there is such a concrete case admitting of an immediate determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised....

*Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937) (citations omitted) (emphasis added).

■ In effect, the question of B & W's entitlement to a patent sublicense amounts to a dispute between plaintiffs and BATCO over whether BATCO has the right at this late date to sublicense B & W under the relevant agreements. This issue was not before the court at trial where B & W took the position that the patents in suit were invalid, unenforceable, and not infringed thereby obviating its need for a patent sublicense. Nor can this issue be decided without the presence of BATCO, a necessary party to resolution of this question. Fed.R.Civ.P. 19(a). BATCO is not now and has never been a party to this action. Therefore, the court declines to render an advisory opinion with respect to BATCO's rights under the relevant contracts or the effect of B & W's post-trial patent sublicense in relationship to the court's permanent injunction.

### B. Damages

■ In its memorandum opinion of August 20, 1986, the court solicited the parties' views with respect to resolution of the remaining damage issues. The parties have accepted this invitation and filed briefs addressing the appropriate measure of damages and suggesting procedures for calculating and quantifying the damage award, attorneys' fees, and rate of prejudgment interest. The court agrees with B & W that once the appropriate measure of damages and amount of increase are established, the sum total of the final award becomes a matter of mathematical calculation.

35 U.S.C.A. § 284 (West 1984) provides that, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty." Congress further provided that, "the court may increase the damages up to three times the amount found or assessed." *Id.*

The August 20, 1986, opinion manifests the court's intent to award plaintiffs their reasonable attorneys' fees pursuant to 35 U.S.C.A. § 285 (West 1984) and pre-judgment interest in accordance with *General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 103 S.Ct. 2058, 76 L.Ed.2d 211 (1983). Thus, the only real issues remaining are the appropriate measure of damages and whether the award should be increased on the basis of the court's finding of willful infringement. B & W emphasizes the compensatory nature of patent damages under the statutory scheme and strongly advocates that the court adopt the eight cent/four cent established royalty rate as the proper measure of damages. Plaintiffs

contend that the measure of damages should be based upon B & W's cost savings achieved through use of the patented inventions, in accordance with the trial testimony of their damages expert, Mr. Enlow. Plaintiffs also dispute the court's finding that the eight cent/four cent rate established by their patent license agreements with BATCO, American Brands, and Rothmans International constitutes an established royalty for the practice of plaintiffs' patented inventions.

■ There are three royalty rates before the court: (1) the eight cent/four cent DIET group royalty rate evidenced by plaintiffs' license agreements with BATCO, Rothmans, and American Brands; (2) the ten cent/five cent DIET royalty rate for a separate corporation; and (3) the Reynolds G–13 royalty rate of twelve cents/nine cents with a break point at fifty million pounds. *See* memorandum opinion of August 20, 1986, findings of fact 221–226. Notwithstanding the fact of slightly different break points in the BATCO, Rothmans, and American Brands license agreements, the court is persuaded that the eight cent/four cent rate constitutes an established royalty because it reflects plaintiffs' assessment of what their own inventions are worth and a "general acquiescence in its reasonableness by those who have occasion to use the invention." *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078 (Fed.Cir.1983) (quoting *Rude v. Westcott*, 130 U.S. 152, 165, 9 S.Ct. 463, 468, 32 L.Ed. 888 (1889)).

With regard to the appropriate measure of damages the Federal Circuit Court of Appeals has stated:

There are two methods by which damages may be calculated under this statute. If the record permits the determination of actual damages, namely, the profits the patentee lost from the infringement, that determination accurately measures the patentee's loss. If actual damages cannot be ascertained, then a reasonable royalty must be determined. *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1157, 197 USPQ 726, 736 (6th Cir.1978).

The reasonable royalty may be based upon an established royalty, if there is one, or if not upon a hypothetical royalty resulting from arm's length negotiations between a willing licensor and a willing licensee. As the Court of Claims stated with respect to the statute applicable to determining damages in infringement suits against the United States (28 U.S.C. § 1498 (1976)): "Where an established royalty rate for the patented inventions is shown to exist, the rate will *usually be adopted* as the best measure of reasonable and entire compensation." *Tektronix, Inc. v. United States*, 213 Ct.Cl. 257, 552 F.2d 343, 347, 193 USPQ 385, 390 (1977), *cert. denied*, 439 U.S. 1048, 99 S.Ct. 724, 58 L.Ed.2d 707 (1978).

*Id.* (emphasis added). In this case plaintiffs' actual damages can be easily ascertained merely by multiplying B & W's total production in pounds by the eight cent/four cent rate. However, the proper measure of damages is that amount "adequate to compensate for the infringement, but in no event less than a reasonable royalty." 35 U.S.C. § 284; *see also Central Soya Co., Inc. v. George A. Hormel & Co.*, 723 F.2d 1573, 1578–79 (Fed.Cir.1983). Likewise, the court is also aware of those cases finding that, "a reasonable royalty, when it can be determined, and which may be equivalent to an established royalty, is merely the floor below which damages shall not fall." *Bandag, Inc. v. Gerrard Tire Co.*, 704 F.2d 1578, 1583 (Fed.Cir. 1983); *accord Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1563 (Fed.Cir.1983) (trial court may award amount of damages greater than reasonable royalty so that award is adequate to compensate for infringement); *see also Creative Cookware, Inc. v. Northland Aluminum Products, Inc.*, 678 F.2d 746, 749 (8th Cir.1982) (upon finding infringement, damages may be awarded based on the greater of reasonable royalties or lost profits).

■ Because it is fundamentally unfair to give a willful infringer the benefit of a group royalty rate it has previously

rejected, the court in its discretion determines that the appropriate measure of damages in the case before it is twelve cents per pound for the first fifty million pounds of smoking material processed and nine cents thereafter—the Reynolds G–13 royalty rate. *Paper Converting Machine Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 21 (Fed.Cir.1984) (the size of an award is left to trial court's sound discretion). Further, the court finds that this is a proper case for an award of treble damages pursuant to 35 U.S.C.A. § 284 (West 1984) due to B & W's willful, deliberate infringement.

With regard to the amount of attorneys' fees and the rate of pre-judgment interest, the court adopts B & W's suggested procedure. Accordingly, plaintiffs are ORDERED to submit their itemized claim for attorneys' fees and costs to counsel for B & W no later than twenty-one days from date of this supplemental opinion. This itemized claim shall consist of attorneys' fees and costs with respect to the Count I patent claims and appropriate documentation, including but not limited to receipts for expenses, attorney time records and hourly rates for both local and New York counsel, and a detailed cost breakdown. Plaintiffs are DIRECTED to file a copy of their itemized claim with the court concurrently with their submission of same to counsel for B & W. B & W is ORDERED to inform the court and counsel for plaintiffs, within twenty-one days of receipt of plaintiffs' itemized claim, of any objections it may have with regard to that claim. The court shall rely on counsels' good faith endeavors to reach a reasonable award of attorneys' fees and costs without unnecessary resort to the court.

■ Further, counsel for all parties are DIRECTED to confer with each other as they see fit with regard to the appropriate rate of pre-judgment interest. Counsel will then make their joint recommendation to the court with respect to this issue within the same time frame as specified above for attorneys' fees. It is ORDERED that pre-judgment interest shall be assessed on the base or unenhanced portion of the damage

award. *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1066 (Fed.Cir.1983); *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389 (Fed.Cir. 1983).

The damage award shall be computed as follows: (1) the unenhanced or base portion of the award shall consist of B & W's total number of pounds of MET tobacco processed as of date of entry of final judgment pursuant to Fed.R.Civ.P. 54(b) multiplied by twelve cents per pound for the first fifty million pounds and nine cents thereafter; (2) pre-judgment interest shall be assessed against this base figure and added thereto along with a reasonable award of attorneys' fees and costs; and (3) the base figure shall be doubled and added to the foregoing amount (base figure plus pre-judgment interest plus attorneys' fees) to provide for an award of treble damages in accordance with 35 U.S.C. § 284.

IT IS ORDERED that the parties take all steps necessary to effectuate a final award of damages in accordance with this opinion. For example, B & W is DIRECTED to provide plaintiffs with a verified accounting of its production figures from July of 1985 to date of entry of final judgment. The court contemplates that the parties bear responsibility for the actual calculation of the damage award within the framework specified in this supplemental opinion.

### Conclusion

Ten days from date of this opinion, on October 22, 1986, the court will enter final judgment with respect to those issues adjudicated by its memorandum opinion of August 20, 1986, pursuant to Fed.R.Civ.P. 54(b). However, the court will retain jurisdiction of the damage claims which shall be resolved in accordance with the rulings and procedures specified in this supplemental order. *See generally* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.11 at 54–55 (2d ed. 1985) (stating "[n]or should an appeal from an order which is appealable by virtue of certification under Rule 54(b) prevent the district court from proceeding with the remaining

claims."). On that same date, October 22, 1986, the permanent injunction of August 20, 1986, held in abeyance pending resolution of the issues addressed in this supplemental opinion, will enter into full force and effect. 35 U.S.C.A. 283 (West 1984); Fed.R.Civ.P. 62(a) and 65.