**BECKMAN INSTRUMENTS, INC., Plaintiff,**

v.

**LKB PRODUKTER AB, et al., Defendants.**

**Civ. A. No. R-85-3133.**

United States District Court, D. Maryland.

July 12, 1988.

G. Stewart Webb, Jr., Venable, Baetjer and Howard, Baltimore, Md., Donald R. Dunner, Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, D.C., William H. May, Beckman Instruments, Inc., Fullerton, Cal., for plaintiff.

Philip L. Cohan, Piper & Marbury, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Before the Court are plaintiff Beckman Instruments, Inc.'s (Beckman's) motions for prejudgment interest, for attorney's fees, and for treble damages. The motions have been fully briefed and responded to and the Court now rules pursuant to Local Rule 6(G) (D.Md.1987). For the reasons stated below, the Court will award prejudgment interest of $111,559.00 and attorney's fees and litigation expenses of $1,969,664.44, but will deny the request for treble damages.

This patent infringement case was tried before a jury, the trial lasting from July 9 to July 26, 1987. On July 31, 1987, the jury returned a verdict that claims 4 and 7 of U.S. Patent No. 4,029,401 (the "401" patent) were valid and infringed and that claims 3, 5, and 6 were not valid and were not infringed. The jury awarded plaintiff damages of $1,028,000.00. Following the jury verdict, the post-trial motions now before the Court were filed, briefed and argued.

Plaintiff seeks prejudgment interest pursuant to 35 U.S.C. § 284. Under that statute, a Court "shall award the claimant damages adequate to compensate for the infringement," and the United States Supreme Court has said that "the underlying purpose of the provision strongly suggests that prejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 653–54, 103 S.Ct. 2058, 2061–62, 76 L.Ed.2d 211 (1983). And the rate of prejudgment interest and whether it should be compounded or uncompounded is left to the sound discretion of the trial court. *Bio–Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed.Cir.1986). But in exercising its discretion, a court "must be guided by the purpose of prejudgment interest, which is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement.'" *Bio–Rad Laboratories*, 807 F.2d at 969 (quoting *Devex*, 461 U.S. at 655, 103 S.Ct. at 2062).

■ There is substantial justification for an award of prejudgment interest in this case. A jury found LKB guilty of infringement. Moreover, as will be discussed at

greater length below, this Court is of the opinion that defendants pursued a deliberate strategy of engaging in frivolous and vexatious litigation in defending the suit brought against them. Under these circumstances an award of prejudgment interest is warranted in order to make plaintiff whole again.

Plaintiff has presented argument that provides a reasonable basis for its requested amount. In an exhibit attached to its motion, it shows what its net after tax profit would have been, based on the jury's award as a reasonable royalty rate, for the years 1982–87.[1] Then, using commercial paper rates for 1982, 1983, and 1987, and Eurodollar time deposit rates for 1984, 1985, and 1986, its actual business practice for those years, with interest compounded annually, it shows it would have earned $111,559.00 for those years. The Court finds this procedure credible and one that yields a commercially reasonable outcome. Therefore prejudgment interest will be awarded in the amount of $111,559.00.

■ Beckman also requests attorney's fees. Under 35 U.S.C. § 285, a court "in exceptional cases may award reasonable attorney fees to the prevailing party." The Court finds this to be such an exceptional case for two reasons: 1) defendants' litigation strategy can only be viewed as vexatious; 2) defendants have deliberately and repeatedly violated the injunction this Court issued on October 1, 1987.

Defendants' approach to this case has been to conduct vexatious litigation. Defendants have pursued baseless claims that required extensive allocations of time and resources during the conduct of this litigation. Soon after plaintiff brought suit, for example, defendants filed a counterclaim that alleged an antitrust violation. Defendants subsequently demanded extensive discovery but failed to unearth any evidence in support of their assertions. Finally, defendants dismissed the claim themselves shortly before the case was to go to trial. Similarly, defendants vigorously pursued a claim that Beckman committed inequitable conduct in obtaining its '401 patent. Extensive litigation over the specifics of the claim then followed, along with intense and protracted discovery. When the issue came up for decision, having been severed from the infringement claim that was tried before a jury, following an evidentiary hearing held August 27, 1987, this Court found no basis whatsoever for the charge of inequitable conduct. Similarly, one defendant sought dismissal for lack of personal jurisdiction. This claim, too, initiated extensive litigation and protracted discovery. Finally, the defendant abandoned the defense. These frivolous claims with their attendant pleading requirements and protracted discovery needs, along with other dilatory tactics, greatly expanded the time and expertise this case required.

Besides baseless litigation, defendants have deliberately and repeatedly violated the injunction this Court issued on October 1, 1987. The injunction expressly provided:

Defendants are further ordered, within 30 days of the effective date of this order, to deliver to counsel for plaintiff for destruction all electronic circuits, printed circuit boards, or integrated circuits which contain the hardware and/or programs necessary for operation of the auto window feature and which are in the defendants' possession, custody, or control within the United States, including but not restricted to any such items in the possession of salesmen or other representatives or agents, whether employed by or independent of defendants.

Defendants, however, exported their auto window chips to Finland on October 6, 1987. Defendants argue that the injunction "was most reasonably understood as providing for destruction of chips as a sanction in the event that defendants had not removed them from the United States by October 30, 1987." The interpretation defendants put forth strains credibility and contradicts the plain language of the injunction. It cannot be characterized as oth-

---

**1.** Defendants argue that interest should only be allowed starting with the date a license could have issued between the parties as extrapolated from negotiations between them prior to litigation. The law, however, is clear that interest starts from the date of first infringement.

er than defendants thumbing their noses at this Court.

This Court's injunction also provided that defendants were enjoined from "advertising, promoting or mentioning ... the auto window or moving window feature, or colorable variations thereof." And the order stated that "making, using, or selling," all of which were enjoined, included "the use, development, manufacture, testing, production, advertising, promotion, offering for sale, display, distribution, and sale of any and all of the products [enjoined]." Despite this, ten demonstrator machines that defendants had in use after the effective date of the injunction contained the infringing devices.

In short, defendants have deliberately and repeatedly violated this Court's injunction. Such wilful misconduct would reasonably support citing defendants for contempt. At a minimum it provides additional justification for finding this an "exceptional case" within the meaning of 35 U.S.C. § 285. The Court finds, therefore, that an award of attorney's fees is warranted.

It still remains to determine the amount of the award. Beckman requests the following attorney's fees and litigation expenses:

| | |
|---|---|
| Fees Billed | $1,658,300.82 |
| Fees Withheld | 75,178.75 |
| Category 1 Expenses | 166,907.30 |
| Category 2 Expenses | 144,456.32 |
| Category 3 Expenses | 351,716.00 |
| Category 3 Expenses | 57,690.10 |
| TOTAL | $2,454,249.29 |

In opposition, defendants argue 1) that Beckman has not adequately documented the basis for its claimed expenses; and 2) that attorney's fees should be awarded only for time spent on frivolous and vexatious issues, not for the costs of the entire suit. Neither objection has merit. Beckman has provided a 28 page memorandum and several hundred pages of exhibits in justification for its expenses. It is not credible to argue, as defendants assert, that the documentation provided is not adequate. Similarly, there is no support for defendants' claim that only expenses for costs incurred on frivolous issues can be recovered. The statute provides that the

"court in exceptional cases may award reasonable fees to the prevailing party." 35 U.S.C. § 285. Neither the statute nor the caselaw supports defendants' limitation.

Plaintiff's attorney's fees request includes amounts paid to attorneys and other employees of the Washington, D.C., firm of Finnegan, Henderson, Farabow, Garrett & Dunner, including partners, associates, law clerks, litigation clerks, and other employees; as well as fees paid to the firm of Venable, Baetjer & Howard for providing local counsel. The rates varied, being adjusted each year, but ranged up to $250.00 per hour for senior partners, $175.00 per hour for junior partners, $165.00 per hour for senior associates, $105.00 per hour for junior associates, $60.00 per hour for law clerks, $40.00 per hour for litigation clerks, and $10.00 to $60.00 per hour for other employees. The Court finds these fees reasonable, especially since the firm is one that specializes in patent work, an area requiring great expertise; and further, the hours billed are reasonable given the complexity of the litigation and the favorable outcome obtained for Beckman. The Court will award the $1,658,300.82 requested for fees billed. However, the Court will not grant the request for $75,178.75 for fees withheld. That represents an amount plaintiff's attorneys agreed to bill only if a favorable outcome were obtained. As such, it represents a bonus rather than standard fees. The Court is of the opinion "reasonable attorney fees" should reflect standard rates, not agreed upon bonuses.

Section 285 also permits recovery of expenses reasonably incurred in the conduct of the litigation. *Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 693 (Fed. Cir.1984); *Central Soya Co. v. Geo A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed.Cir. 1983). Beckman requests reimbursement for three types of expenses: 1) Category 1 represents in-house generated expenses such as photocopying, postage, and overtime, and which are not considered as included as overhead; Category 2 represents out-of-pocket expenses such as patent searches, translations, meals, hotel, and transportation; and Category 3 expenses

include expert witness and consulting fees as well as out-of-pocket expenses incurred for those services. The Court has carefully examined the materials provided and finds the amounts requested for Categories 1 & 2 reasonable and adequately documented and will award the $311,363.62 requested. However, given the split in the caselaw as to whether expenses incurred for expert witnesses are recoverable under 35 U.S.C. § 285, and given the reluctance in the Fourth Circuit to include those amounts in awardable attorney fees, this Court is not inclined to allow such costs absent a clear mandate from the Federal Circuit. The Court will therefore deny the two requests for Category 3 expenses. Therefore, the Court awards $1,969,664.44 in total attorney's fees and expenses.

■ Plaintiff also seeks treble damages. The purpose of the statute, however, is basically to compensate wronged patent holders so that they are in the same position they would have been in had the infringement never occurred. With the damages awarded by the jury, and the prejudgment interest and attorney's fees and expenses awarded here, the Court is of the opinion plaintiff has been made whole. The request for treble damages will be denied.

Accordingly, for the reasons stated herein, it is this 12th day of July, 1988, by the United States District Court for the District of Maryland,

ORDERED:

1. That plaintiff's motion for prejudgment interest is GRANTED in the amount of $111,559.00;

2. That plaintiff's motion for attorney's fees is GRANTED in the amount of $1,969,664.44;

3. That plaintiff's motion for treble damages is DENIED; and,

4. That the Clerk of the Court shall mail copies of this Memorandum and Order to all counsel of record.

## ON POST-TRIAL MOTIONS

Before the Court are defendants LKB Produkter AB, et al.'s (LKB's) motion for a new trial and plaintiff Beckman Instruments, Inc.'s (Beckman's) motions for JNOV that claims 3, 5, and 6 are valid, JNOV for lost profits, and motion for a supplemental accounting. The motions have been fully briefed and responded to, there has been oral argument presented, and the Court now rules pursuant to Local Rule 6(G) (D.Md.1987). For the reasons stated below, the Court will deny all the motions cited above.

This patent infringement case was tried before a jury, the trial lasting from July 9 to July 27, 1987. On July 31, 1987, the jury returned a verdict that claims 4 and 7 of U.S. Patent No. 4,029,401 (the "401" patent) were valid and infringed and that claims 3, 5, and 6 were not valid and were not infringed. The jury awarded plaintiff damages of $1,028,000.00. Following the jury verdict, the post-trial motions now before the Court were filed, briefed and argued.

■ Defendants move for a new trial on grounds that the jury's special verdict contains irreconcilable inconsistencies. Defendants note that claims 3, 5, and 6 defined the invention as an apparatus and that claims 4 and 7 defined the invention as a method. To find the latter claims valid and infringed but the former ones invalid and not infringed, defendants argue, is irrational, for apparatus and method claims should be treated equivalently. At trial the jury was instructed, properly, that "each claim of a patent ... is presumed valid independently of the validity of any other claims of the patent." The instruction was not objected to. The Court is of the opinion defendants have therefore waived the right to now object that the claims were so equivalent that they merit the same treatment. Even had defendants preserved the right to object, the Court is of the opinion there is no substantive merit to this objection. While it is true that claim 3, an apparatus claim, uses language similar to that used in claim 4, a method claim, it is not true that the analysis for determining infringement is the same. With apparatus claims one looks to the disclosed structure and its equivalents but with method claims

one looks to the disclosed method step and its equivalents. Moreover, defendants make no comparable argument as to claim 7, which contains language different from all other claims. Given the evidence presented at trial, as well as the instructions given, the verdict cannot be seen as so inconsistent as to be irrational.

Plaintiff, too, argues against the jury verdict in its motion JNOV that claims 3, 5, and 6 are valid. In brief, plaintiff argues that a jury could not have found the claims invalid because anticipated or obvious, nor could they have found the claims invalid under 35 U.S.C. § 112. A motion JNOV is provided for under Rule 50(b), Fed.R. Civ.P., which reads:

(b) Motion for Judgment Notwithstanding the Verdict. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the party's motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with the party's motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial.

The standards for granting such a motion are well established. As one commentator has stated:

The standards for granting a motion for judgment n.o.v., on which the consti-

tutionality of such action depends, are the same as those governing the direction of a verdict. Thus, the motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a "one-way" verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict. And this approach governs the actions of appellate courts as well as trial courts.

5A Moore's Federal Practice § 50.07(2) (2d ed. 1982). Having viewed the evidence presented at trial, the Court, while it may have decided the case differently, cannot say that the jury's verdict was unreasonable.

Similarly, the Court cannot find the jury's damage award to be unreasonable. Plaintiff has moved for a JNOV that it is entitled to lost profits. In short, plaintiff contends that the $1,028,000.00 award represents an award of a reasonable royalty, for which there is a lack of evidence in support, rather than an award of lost profits, for which it argues there was substantial evidence presented at trial. However, at trial there was evidence both as to actual sales by LKB of the infringing device as well as discussion of usual royalty rates. Assuming the award in fact represents a reasonable royalty, the Court cannot find it to have been an improper measure of damages.

Finally, plaintiff moves for a supplemental accounting to determine defendants' sales of infringing machines since April 24, 1987. Plaintiff wishes by such means to determine defendants' sales since discovery ended. Plaintiff however cites to no precedent for such an extraordinary form of relief. Given the extensive testimony presented at trial concerning plaintiff's damages, the Court is of the opinion plaintiff is not now entitled to additional relief.

**414**

Accordingly, for the reasons stated herein, it is this 12th day of July, 1988, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendants' motion for a new trial is DENIED;

2. That plaintiff's motions for JNOV that claims 3, 5, and 6 are valid, JNOV for lost profits, and motion for a supplemental accounting are DENIED; and,

3. That the Clerk of the Court shall mail copies of this Memorandum and Order to all counsel of record.