**UNIROYAL, INC.**

v.

**RUDKIN–WILEY CORPORATION.**

**PREMIX, INC.**

v.

**RUDKIN–WILEY CORPORATION.**

Civ. Nos. N–75–51 (EBB),
B–80–281 (EBB).

United States District Court,
D. Connecticut.

Aug. 21, 1989.

Thomas A. Beck, Felfe & Lynch, New York City, William R. Murphy, Robert W. Allen, Tyler, Cooper & Alcorn, New Haven, Conn., Donald Otto, Maky, Renner, Otto & Boisselle, Cleveland, Ohio, for Uniroyal.

Arthur, Dry & Kalish, Waterbury, Conn., Francis T. Carr, Robert D. Fier, Albert J. Breneisen, Kenyon & Kenyon, New York City, David R. Biondi, Fairfield, Conn., David O'Boyle, Uniroyal Holding Inc., Waterbury, Conn., for Rudkin–Wiley Corp.

William R. Murphy, Robert W. Allen, Tyler, Cooper & Alcorn, New Haven, Conn., for Premix, Inc.

F. Eugene Davis, IV, Stamford, Conn., Francis T. Carr, pro hac vice, Robert D. Fier, pro hac vice, Albert J. Breneisen, pro hac vice, Kenyon & Kenyon, New York City, David R. Biondi, Fairfield, Conn., for Rudkin–Wiley.

## RULING ON CALCULATION OF PREJUDGMENT INTEREST

ELLEN B. BURNS, Chief Judge.

On June 26, 1989, this court issued a comprehensive ruling finding that plaintiff had infringed claims 1 and 2 of Rudkin–Wiley's United States Patent Number 3,241,-876 ("the '876 patent"). In accordance with 35 U.S.C. § 284, the court awarded lost profit damages in the amount of $5,337,445. The court also awarded prejudgment interest on the lost profits, and set forth specific guidelines for the calculation of the prejudgment interest award.[1] Pursuant to the court's direction, each party has submitted supplemental memorandum outlining its respective computation of the prejudgment interest award.

The only issue in dispute is whether the interest on the lost profits should be compounded daily, annually or at some other periodic interval. The effect of this determination could influence the damage award by an amount in excess of $400,000. Not surprisingly, defendant argues that the interest should be compounded on a daily basis, whereas plaintiffs advocate annual compounding. Neither party has presented significant or conclusive case authority in support of its respective position, and the Court of Appeals for the Federal Circuit has consistently declined to interfere with the trial court's discretion in the computation of interest awards in patent cases. *Studiengesellschaft Kohle, m.b.H. v. Dart Industries, Inc.,* 862 F.2d 1564, 1579–80

---

1. The court's ruling specified that the amount of interest on the lost profits was to be calculated at the prime rate, compounded. The parties were directed to assume that each year's lost profits were lost on the last day of the year. Determination of the annual prime rate for any given year was to be based on a average of recognized monthly prime rates for each year in issue. Interest for the period between May 27, 1977, and June 17, 1981, was excluded. The amount of profits at issue was to be derived from an 80 percent share of plaintiff's sales figure.

(Fed.Cir.1988); *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 557 (Fed.Cir.1984).[2]

The court determines that the interest should be compounded on a daily basis. Daily compounding more accurately reflects modern banking and investment practices, and thereby satisfies more fully the *Devex* mandate that a patent owner receive full compensation for the infringement of its patent. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654, 103 S.Ct. 2058, 2061, 76 L.Ed.2d 211 (1982). As well-stated by Judge Wright in *Trans–World Mfg. Corp. v. Al Nyman & Sons*, 633 F.Supp. 1047, 1057 (D.Del.1986):

> A patent holder's damages include 'the foregone use of money,' *Devex*, 461 U.S. at 656, 103 S.Ct. at 2063. Accrual of interest through daily compounding provides a consistent method to take into account the time value of money.... Daily compounding of prejudgment interest on a damages award for patent infringement similarly will conform to commercial practice and provide the patent holder with adequate compensation for foregone royalty payments-i.e., the interest the patent holder could have earned had royalties been paid at the time of infringement.

*Id.* at 1057 (some citations omitted). Daily compounding is also supported by the factual circumstances of this case, as outlined in the court's June 26, 1989, ruling.

Accordingly, defendant is awarded $5,337,445 in lost profits, and prejudgment interest, compounded daily, in the amount of $7,160,009 (through July 31, 1989), plus (n × $3595), where n represents the day in August on which this ruling is signed. The court accepts defendant's apportionment of this amount between the plaintiffs, to which the plaintiffs do not object.[3]

SO ORDERED.

---

2. To the extent plaintiff relies on 28 U.S.C. § 1961(b) to support its position, its reliance is misplaced. Section 1961(b) as enacted provides for the annual compounding of interest on federal district court judgments. The statute is silent as to prejudgment interest and, according to the Federal Circuit, that silence "strongly suggests that the legislature did not intend that there should be the same rule for prejudgment interest." *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 557 (Fed.Cir.1984).

3. Uniroyal shall pay $3,272,219 in lost profits, and $4,842,727 (through July 31, 1989), plus (n × $2,334) in prejudgment interest. Premix shall pay $2,065,226 in lost profits, and $2,317,282 (through July 31, 1989), plus (n × $1,261) in prejudgment interest.