ORDER ON PLAINTIFF’S MOTION FOR COURT COSTS, ATTORNEYS’ FEES AND DAMAGES

KOVACHEVICH, Chief Judge.
This cause is before the Court on Plaintiffs Motion for Court Costs, Attorneys’ Fees and Damages (Dkt. 36), and Defendants’ Opposition (Dkt. 41).

FACTS AND PROCEDURAL HISTORY

On January 22, 1993, the parties to this action signed an agreement whereby Defen *854 dants promised not to thereafter make, have made, use or sell milling cutters covered by U.S. Patent No. 5,145,294. In consideration of said promises, Plaintiff released and discharged Defendants from all claims of patent and copyright infringement occurring prior to January 22,1993.
On August 10, 1994, Plaintiff filed suit against Defendants, alleging that Defendants were again infringing on its patent and for unfair competition and breach of contract. As a result of that suit, the parties agreed to a consent judgment, whereby Defendants admitted that Plaintiff was the owner of Patent No. 5,145,294, that the patent was valid and enforceable, and that Defendants infringed the patent.
Subsequent to the date of the consent judgment, Plaintiff was contacted and informed that Defendants were again selling Plaintiff’s milling cutter.
Pursuant to this Court’s Order (Dkt. 35), Plaintiff filed a Motion (Dkt. 36) and Supporting Affidavits (Dkts. 37, 38, and 39) in order to prove its court costs, attorney’s fees, and damages. Defendants then filed an Opposition to Plaintiff’s Motion for Sanctions (Dkt. 40).

DISCUSSION

Plaintiff’s Motion (Dkt. 36) requests an award of sanction in the form of court costs and attorneys’ fees in the amount of $59,-125.74, and damages due to the violation of the consent judgment by Defendants in the amount of $25,000.00, totaling $84,125.74.
The standard for damages for patent infringement is set forth in § 284 of the Patent Act. 35 U.S.C. § 284 states as follows:
Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.
“Pursuant to 35 U.S.C. § 284, a patent owner is entitled to damages that are adequate to compensate for the infringement.” Lam, Inc. v. Johns-Manville Corporation, 718 F.2d 1056, 1064 (Fed.Cir.1983). “Such damages constitute the difference between his pecuniary condition after the infringement, and what his condition would have been if the infringement has not occurred.” Id.
This Court will first address the issue of Plaintiff’s court costs and attorney’s fees. As stated above, Plaintiff is requesting $59,-125.74 in costs and fees.
This Court in its Order (Dkt. 35) granted court costs and attorney’s fees as proved by Plaintiff. Subsequently, Plaintiff provided this Court with affidavits from Plaintiffs patent counsel, Gordon R. Coons (Dkt. 37), and general counsel, Larry D. Sutton (Dkt. 39), as well as, invoices from both attorneys. Defendant than provided this Court with The Florida Bar’s 1994 Economics & Law Office Management Survey which provides the standard hourly rate for attorneys in Southwest Florida.
As of 1994, the median hourly rate for attorneys in Southwest Florida was $150.00, with a range from $17.00 to $400.00. However, this survey that Defendant has provided the Court does not consider the hourly rate for a specialized field such as patent law. Defendant also does not account for any change in the rate of hourly compensation between 1994 and 1995 when Plaintiff’s attorneys rendered their services.
Although Plaintiffs counsel charges a rate in excess of the median hourly rate for Southwest Florida, this rate is well within the acceptable range of hourly rates for this region. This Court must also take into account what is a proper fee for the specialty of patent litigation.
Congress’ overriding purpose in enacting § 284 was to allow patent owners complete compensation. General Motors Corp. v. Devex Corp., 461 U.S. 648, 655, 103 S.Ct. 2058, 2062, 76 L.Ed.2d 211 (1983).
Based upon the evidence presented by Plaintiff, it is this Court’s view that the court costs and attorney’s fees that Plaintiff have incurred as a result of this litigation are reasonable. Plaintiffs supporting affidavits and invoices are proof of reasonable fees *855 which axe not overcome by a 1994 Florida Bar survey.
This Court must now consider a second issue. Plaintiff requests $25,000.00 in damages as a result of Defendants’ infringement of Plaintiffs patent.
Plaintiff submitted the Affidavit of Peter Moore (Dkt. 38), the President of MilTec USA, Inc. In his affidavit Mr. Moore values his time, and his partner’s time, at $240 an hour. Mr. Moore than calculates that this litigation has cost himself and his partner 200 hours that they could have directed towards sales of Plaintiffs merchandise. Plaintiff uses these figures to estimate a loss in sales of at least $40,000, which would have resulted in a profit of $25,000.
This Court does not understand why Mr. Moore and his partner expended 200 hours preparing for this litigation. Plaintiff retained competent patent and general counsel, and it is hard to imagine why Mr. Moore and his partner would spend more time preparing for this litigation than their counsel. The method by which Plaintiff has calculated Plaintiffs lost profit damages is not acceptable.
An acceptable method for calculating lost profit damages is presented in King Instrument Corp. v. Otari Corp., 767 F.2d 853 (Fed.Cir.1985). A lost profit award requires: (1) a showing that the patent owner would have made the sale if the infringement had not taken place; and (2) proper evidence of the computation on the lost profits. King Instrument Corp. v. Otari Corp., 767 F.2d 853, 863 (Fed.Cir.1985). Had Plaintiff used the King Instrument Corp. test, Plaintiff still would not have passed the second prong of this test, because Plaintiff has not provided the Court with proper evidence of lost profits.
Defendant admits one infringing sale, which resulted in a profit of $200.00. On account of the Court’s holding in General Motors Corp. v. Devex, 461 U.S. 648, 103 S.Ct. 2058, 76 L.Ed.2d 211 (1983) which allows a claimant to recover completely for damages incurred as a result of a patent infringement, this Court will award the Plaintiff $200.00, which has been proven as Plaintiffs damages by Defendants’ admission. Accordingly, it is
ORDERED that Defendant pay Plaintiff $59,125.74 for court costs and attorney’s fees, and $200.00 for damages due to lost profits. The Clerk of Court shall enter a final judgment for costs, fees and damages in the amount of $59,325.74.
DONE and ORDERED.