### In re HAYES MICROCOMPUTER PRODUCTS, INC. PATENT LITIGATION.

**This order relates to all cases.**

**Nos. C 84–4882 (SC), C 84–6315 (SC), C 88–0066 (SC), C 88–1444 (SC) and C 88–2901 (SC).**

United States District Court, N.D. California.

April 22, 1991.

As Amended April 23, 1991.

James W. Hawkins, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

Robert Charles Hill, San Francisco, Cal., for Prometheus Products, Inc. and Omnitel, Inc.

Terence Bruiniers, Farrand, Cooper, Metzler & Bruiniers and Henry C. Bunsow, San Francisco, Cal., for Everex Systems, Inc.

Thomas Schatzel, Santa Clara, Cal.

## JUDGMENT AND ORDER

CONTI, District Judge.

This case involves a patent infringement dispute between Hayes Microcomputer Products, Inc. ("Hayes" or "plaintiff") and Everex Systems, Inc. ("Everex"), Ven–Tel, Inc. ("Ven–Tel"), and Omnitel, Inc. ("Omnitel") (collectively "defendants"). This order decides the following motions currently before the court:

(1) Defendants' Motions for Judgment Notwithstanding the Verdict;

(2) Hayes' Motion for Permanent Injunction;

(3) Defendants' Motion for Stay of Injunction;

(4) Hayes' Motion for Prejudgment Interest;

(5) Hayes' Motion for Enhancement of Damages and Attorney Fees;

(6) Hayes' Motion for Accounting of Infringing Sales Subsequent to December 31, 1990 and for Entry of Supplemental Judgment; and

(7) Hayes' Motion for Rule 11 Sanctions.

## I. BACKGROUND

This case arose out of a patent, relating to computer modems, issued to Dale Heatherington on October 22, 1985, and assigned to Hayes. On January 25, 1991, following a lengthy trial before this court and a jury, the jury returned a verdict in favor of Hayes and against all three defendants. The jury found that U.S. Letters Patent 4,549,302 is valid and that each defendant had willfully infringed it. The jury awarded as damages to Hayes a reasonable royalty of 1.75% of each defendant's net sales of infringing products.

Specifically, the jury awarded Hayes damages from each defendant as follows: Everex: $1,614,839.50; Ven–Tel: $1,010,-116.50; and Omnitel: $884,854.92. On January 28, 1991, the court entered judgment pursuant to these findings, taxed costs against defendants under Local Rule 265, and specifically reserved judgment on the issues of injunction, prejudgment interest, enhancement of damages, and attorney fees. Subsequently, defendants filed motions for judgment notwithstanding the verdict and to stay the injunction pending appeal and Hayes moved for sanctions under Fed.R.Civ.P. 11 and for accounting of infringing sales subsequent to December 31, 1990 and entry of supplemental judgment. The court now addresses each of these issues in turn.

## II. DISCUSSION

### A. Defendants' Motions for Judgment Notwithstanding the Verdict

Defendants have moved, under Fed.R.Civ.P. 50(b), for judgment notwithstanding the verdict ("JNOV") on virtually every issue conceivably decided by the jury. Although the three defendants have presented their asserted grounds for JNOV in a number of separate motions, the court will rule on all motions together.

At the outset, the court stresses the heavy burden that defendants must carry in order to sustain their motions for JNOV. In this circuit,[1] a court is bound to deny a JNOV motion, "unless the evidence, viewed in the light most favorable to the prevailing party [at trial], permits only one reasonable conclusion [i.e., against the jury's verdict]. *Cordero v. CIA Mexicana De Aviacion, S.A.,* 681 F.2d 669, 672 (9th Cir.1982).

Put another way, JNOV should not be granted unless:

(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him.

*Jamesbury Corp. v. Litton Indus. Products, Inc.,* 756 F.2d 1556, 1558 (Fed.Cir. 1985) (quoting *Mattivi v. South African Marine Corp.,* 618 F.2d 163, 168 (2d Cir. 1980)

Specifically, in patent cases, a trial judge:

must consider all the evidence in a light most favorable to the nonmover, must draw reasonable inferences favorable to the nonmover, must not determine credibility of witnesses, and must not substitute its choice for that of the jury between conflicting elements in the evidence. Following these guidelines, the court determines whether the evidence so viewed constitutes "substantial evidence" in support of the jury's findings and, if so, whether those findings can support the legal conclusions necessarily drawn by the jury.

*Perkin–Elmer Corp. v. Computervision Corp.,* 732 F.2d 888, 893 (Fed.Cir.1984) (citations omitted).

"Substantial evidence," moreover, is "such relevant evidence from the record taken as a whole as might be accepted by a reasonable mind as adequate to support the

---

1. Because the consideration of a JNOV motion is not a matter unique to patent law, the court will apply Ninth Circuit standards in deciding this issue. *Wahpeton Canvas Co. v. Frontier, Inc.,* 870 F.2d 1546, 1552 n. 8 (Fed.Cir.1989).

The court will also, however, be guided by JNOV determinations made by the Federal Circuit, as the issues involved in deciding the individual claims for JNOV are rooted in patent law.

finding under review." *Id.* Defendants carry a particularly heavy burden on the issue of validity of the patent because, on that issue, "a patentee need submit *no* evidence in support of a conclusion of validity by a ... jury." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,* 806 F.2d 1565, 1570 (Fed.Cir.1986) (emphasis in original).

The court presided over a lengthy jury trial in this matter, in which plaintiff and all three defendants presented voluminous testimony, including that of expert witnesses. After a careful review of the evidence presented to the jury at trial and the legal arguments presented in the parties' JNOV briefs, the court finds that the evidence, viewed in the light most favorable to Hayes, clearly permits the "reasonable conclusion" that the jury made. Because the court finds that the evidence so viewed constitutes "substantial" evidence in support of the jury's findings, and that those findings support the legal conclusions necessarily drawn by the jury, the court will not overrule the jury in this case. Consequently, the court hereby DENIES the motions for judgment notwithstanding the verdict of all defendants on all grounds.

### B. Hayes' Motion for Permanent Injunction

■ Under 35 U.S.C. § 283, the court is authorized to issue an injunction "to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." This statute makes the grant or denial of an injunction by the court discretionary within the facts of each case. *See, e.g., Windsurfing Int'l, Inc. v. AMF, Inc.,* 782 F.2d 995, 1002 (Fed.Cir.1986).

■ In the instant case, as noted above, the jury found that the patent in question was valid and that each defendant had willfully infringed it. In light of that finding, Hayes has the right to exclude others from further use of its property. *See, e.g., Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542, 1548 (Fed.Cir.1983).

As all parties agree, while the court is not required to issue an injunction, "[i]t is the general rule that an injunction will issue when infringement has been adjudged, absent a sound reason for denying it." *Richardson v. Suzuki Motor Co.,* 868 F.2d 1226, 1247 (Fed.Cir.1989). Having thoroughly reviewed the facts of this particular case and the law cited by Hayes and by all three defendants, the court is unpersuaded that the requisite "sound reason" exists for denying Hayes' motion for injunction. Accordingly, Hayes' motion for injunction against defendants Everex, Ven-Tel, and Omnitel is hereby GRANTED, under the terms set out at the conclusion of this order.

### C. Defendants' Motion to Stay Imposition of Injunction [2]

■ Federal Rule of Civil Procedure 62(c) states that a district court "in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal." There are four factors to be considered in deciding whether to grant a stay of injunction pending appeal under Rule 62(c): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Standard Havens Products, Inc. v. Gencor Industries, Inc.,* 897 F.2d 511, 512 (Fed.Cir.1990) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987)).

These, however, are guidelines designed to assist the court in deciding a motion to stay injunction, rather than rigid factors which must each be given equal weight. *Id.* at 512–513. Indeed, the Federal Circuit has adopted a "sliding scale approach" to balancing the equities, such that when "harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the mer-

---

**2.** Defendants have also moved, under Fed.R. Civ.P. 62, for a stay of execution of judgment pending appeal. Because, as far as the court is aware, no appeal has yet been filed, this motion is premature and the court does not rule on it today.

its.'" *Id.* at 513 (quoting *Hilton,* 481 U.S. at 776, 107 S.Ct. at 2119).

The court, after a careful review of all the relevant evidence and legal authority, is doubtful as to the strength of defendants' showing of likely success on appeal. Nonetheless, the court is faced, in this case, with a difficult balancing act, both on the issue of the hardship to the parties involved and in terms of the public interest. The court is not unsympathetic to Hayes' argument that parties found by clear and convincing evidence to be willful infringers should be made to pay a stiff penalty for such knowing disregard of valid patent rights. Likewise, valid patent holders have a right to expect that their property rights will be protected.

At the same time, however, defendants have presented the court with persuasive evidence of the severe hardship they will suffer if the injunction is not stayed pending appeal. At least in the cases of Ven–Tel and Omnitel, it appears to the court highly likely that, when and if the injunction is finally enforced, they will be forced out of business. Even the much larger Everex has presented evidence of significant potential injury once an injunction is enforced against it.

In the event the jury's finding that defendants are willful infringers is upheld on appeal, federal patent policy would be unsympathetic to even such severe financial consequences as those faced by defendants in this case. Should the jury's verdict be overturned, however, defendants will have been put out of business or severely damaged after having been ultimately found not to have been willful infringers, or to be not liable on other grounds. Clearly, there is a serious risk of irreparable injury to defendants here.

By contrast, Hayes has not persuaded the court that it will be irreparably injured during the period in which the appeal will be pending. Hayes already licenses its technology to at least 18 other companies and the extent to which these three defendants' sales in this large marketplace will do additional—*and irreparable*—harm to Hayes was not made clear to the court.

Likewise, the public interest in this matter cuts both ways. Balancing the clear congressional policy to protect a patentee's property rights is the interest of the public in fostering legitimate competition by encouraging valid challenges to patents. In granting enhanced damages and attorney fees against defendants [3], the court is imposing substantial penalties on defendants for their willful infringement.

To, in addition, impose what may essentially be a corporate death penalty, particularly given the relatively short anticipated appeal time and Hayes' questionable showing of irreparable injury, could well constitute a too-powerful deterrent to future legitimate patent challenges.[4] Moreover, the court structures its order today to protect Hayes' not insignificant financial interests during the pendency of the appeal.

In accordance with the foregoing, the court hereby GRANTS defendants' motions for a stay of injunction pending appeal, under the following conditions:

(1) Upon the completion of each three-month period, commencing on the date of issuance of this order and continuing during the pendency of appeal, each defendant shall deposit, in a savings account with an FDIC-insured banking institution to be designated by Hayes, royalties, to be set at 1.75%, on net sales of infringing products;

(2) At such time as the total deposits in any single banking institution reach $100,000, Hayes shall designate a different FDIC-insured banking institution for deposit of royalties in excess of $100,000. This procedure shall be repeated as often as necessary to ensure that no more than $100,000 in royalties shall remain in any one institution;

---

**3.** *See* Section III.E., *infra.*

**4.** Indeed, were the court to begin enforcing the injunction today, at least Ven–Tel and Omnitel could conceivably be put out of business before an appeal is even heard by the Federal Circuit, thus mooting it.

(3) At such time as the judgment of this court is affirmed, reversed, or remanded, the parties shall move the court for a hearing on the disposition of the said ordered funds, and the matter shall be set on the court's calendar;

(4) Notwithstanding the status of the appeal of this court's judgment, the court hereby sets a status conference for January 10, 1992, at 10:00 a.m., in Courtroom 1, to consider whether the suspension of injunction shall be further stayed;

(5) The above-outlined procedure is without prejudice to any party to calendar a motion on the injunction, the stay thereof, or the royalty deposit procedure, in the event such party believes it is prejudiced by any or all of these.

### D. Hayes' Motion for Prejudgment Interest

■ Upon a finding of patent infringement, 35 U.S.C. § 284 directs the court, in adequately compensating the claimant, to add to the damages award "interest and costs as fixed by the court." The Supreme Court has interpreted this provision of the patent statute to mean that "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657, 103 S.Ct. 2058, 2063, 76 L.Ed.2d 211 (1983). This interest should be awarded from the time infringement began until the entry of judgment. *See, e.g., Bio–Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed.Cir.1986). Defendants presented the court with no persuasive evidence or arguments to justify withholding an award of prejudgment interest.[5]

■ The main disagreements between the parties vis-a-vis prejudgment interest are on the issues of: (1) the interest rate to be used; and (2) whether to use simple or compound interest. Both of these issues are left fully to the discretion of the court. *See, e.g., Studiengesellschaft Kohle v. Dart Industries, Inc.*, 862 F.2d 1564, 1580 (Fed.Cir.1988) (interest rate to be used). *See, e.g., Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 557 (Fed.Cir. 1984) (simple or compound interest).

■ Hayes has failed to convince the court of the necessity to depart from the California statutory interest rate of seven (7) percent [6] in order to fully compensate it. The court is aware that, under *Studiengesellschaft*,[7] it is not bound to deny, as a matter of course, Hayes request for a greater-than-statutory interest rate in the absence of a showing of a causal connection between the infringement and Hayes' corporate borrowing at the higher rate. Nonetheless, the court is unwilling to exercise its discretion here to award such a rate solely on the basis of a showing that Hayes actually borrowed funds at a higher rate during the relevant time period. The court finds that this is too speculative, as large corporations, particularly in research-and-development intensive industries, borrow funds for all sorts of reasons and Hayes' borrowing may well have had nothing whatever to do with its lost royalties due to defendants' infringement.

■ Likewise, the court is unconvinced that monthly compounding of interest and collection of royalties are in any way necessary to fully compensate Hayes for defendants' infringement. Thus, the court will require only simple interest, and semiannual collection. As to all defendants, since awards of prejudgment interest are designed only to compensate victims of infringement, rather than to punish

---

5. Indeed, both in their pleadings and at the April 5, 1991 hearing before this court, defendants presented no argument with Hayes' claimed entitlement to prejudgment interest, beyond stating that any award of prejudgment interest is discretionary. Instead, defendants focused their arguments on the specific interest rate and compounding methods to be applied.

6. "In absence of legislative act to the contrary, the rate of prejudgment interest is 7 percent." *Pacific–Southern Mortgage Trust Co. v. Insurance Co. of North America*, 166 Ca.App.3d 703, 716, 212 Cal.Rptr. 754 (1985).

7. 862 F.2d at 1579–80.

infringers [8], the interest shall be calculated only on the compensatory portion of the damages.[9]

 Finally, the court awards interest beginning with the first infringement. For Ven–Tel and Omnitel, the interest shall be calculated from October 22, 1985, the date of issuance of the Heatherington patent, since both were selling infringing products at that time. Because Everex did not begin selling infringing products until one year after the patent issued, however, the interest shall be calculated from October 22, 1986 for Everex.

In accordance with the foregoing, the court hereby ORDERS:

(1) All defendants shall pay Hayes prejudgment interest on the compensatory (non-enhanced) portion of the damages awarded by the court in this matter;

(2) The interest awarded shall be at seven (7) percent simple interest per annum and shall be based on semiannual collection;

(3) Interest for Ven–Tel and Omnitel shall be calculated beginning October 22, 1985 and ending with the date of issuance of this order. Interest for Everex shall be calculated beginning October 22, 1986 and ending with the date of issuance of this order;

(4) The parties shall submit jointly a calculation of the interest due hereunder.

E. Hayes' Motion for Enhancement of Damages and Attorney Fees

 As an initial matter, the court notes several guiding principles articulated by the Federal Circuit which apply to both the enhancement of damages and the award of attorney fees. In a patent infringement action, both enhanced damages and an award of attorney fees may be based exclusively on a finding of "willfulness", either by the court or, as in the instant case, by a jury following proper instruction.[10] As the Federal Circuit has observed:

"Willfulness" in infringement, as in life, is not an all-or-nothing trait, but one of degree. It recognizes that infringement may range from unknowing, or accidental, to deliberate, or reckless, disregard of a patentee's legal rights. The role of a finding of "willfulness" in the law of infringement is partly as a deterrent—an economic deterrent to the tort of infringement—and partly as a basis for making economically whole one who has been wronged.... ¶ The term "willfulness" thus reflects a threshold of culpability in the act of infringement that, alone or with other considerations of the particular case, contributes to the court's assessment of the consequences of patent infringement. These consequences include the assessments provided by statute for multiplied damages and/or attorney fees.

*Rite–Hite Corp. v. Kelley Co.,* 819 F.2d 1120, 1125–26 (Fed.Cir.1987).

 In exercising its broad discretion over both enhancement of damages and the awarding of attorney fees, a district court brings to bear both its familiarity with the particular facts of the case and the interests of justice in that case to further the policies of the patent laws being enforced. *See, e.g., S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.,* 781 F.2d 198, 201 (Fed. Cir.1986). "The measure of damages, as indeed the assessment of attorney fees, provides an opportunity for the trial court to balance equitable concerns as it determines whether and how to recompense the successful litigant." *Id.*

With these overall concerns in mind, the court now turns to the separate components of plaintiff's motion for enhancement of damages and attorney fees.

---

**8.** *See, e.g., Devex,* 461 U.S. at 655, 103 S.Ct. at 2062.

**9.** That is, prejudgment interest shall be calculated only on the jury's original damages award, not on the court's enhancement of that award.

**10.** *See* Sections III.E.1 and 2, *infra* for detailed discussions of the relationship of a finding of "willfulness" to the enhancement of damages and the award of attorney fees.

**826**

### 1. Enhancement of Damages

■ Once a jury finds patent infringement, the court "may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Under this provision, "[i]t is well-settled that enhancement of damages must be premised on willful infringement or bad faith." *Beatrice Foods v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1578 (Fed.Cir.1991). Thus, the court need look no further than the jury's finding, supported by substantial evidence, of willful infringement, in order to justify an enhancement of damages. *See, e.g., Shiley, Inc. v. Bentley Laboratories, Inc.*, 794 F.2d 1561, 1567–68 (Fed.Cir.1986).

■ In denying defendants' JNOV motions, the court found that there was substantial evidence on which the jury could have based its finding of willful infringement. Additionally, the court notes that, while it is not required to grant enhanced damages upon a finding of willful infringement[11], the Federal Circuit, on at least one occasion, has stated that "[a]lthough the discretionary authority of the trial court will not be lightly disturbed, in view of the finding of willful infringement we ... vacate the decision refusing increased damages under 35 U.S.C. § 284." *Johnson*, 781 F.2d at 202.

Finally, the court is mindful of its responsibility, as noted above, to deter the tort of infringement and to balance equitable concerns, while furthering the policies underlying the patent statutes. In this case, the court agrees with plaintiff's argument that, following a finding of willful infringement, defendants must not be allowed to have infringed a valid patent for five or six years and be punished only by paying a somewhat enhanced royalty to the owners of the valid patent.

This is particularly the case where, as here, it is undisputed that Hayes offered defendants an opportunity to license the patented technology, at terms similar to those offered by Hayes to many other competitors, and defendants did not even bother to respond. Even if, as defendants argue, it was not their intention to make Hayes "bet his company" in order to protect his patent rights, they clearly adopted, early on, a strategy of long-term, expensive litigation—while continuing to sell products which they were on notice might very well be infringing—rather than making any attempt to deal with Hayes directly.

In weighing the competing policy goals of enforcement of valid patent rights and encouraging challenge to arguably invalid patents, the court finds that enhancement of damages is warranted in this case. Upon careful consideration of the totality of the circumstances in this particular case, including, most importantly, the jury's finding of willful infringement and those facts on which the jury could have based that finding, the court hereby ENHANCES DAMAGES TO TWO TIMES the amounts found and assessed by the jury against each defendant, as set forth in detail in Section IV, *infra*.

### 2. Attorney Fees and Expenses

■ Under 35 U.S.C. § 285, the court may award attorney fees to the prevailing party in "exceptional cases."[12] Although the court, in order to award attorney fees, is required to make an express finding that a case is "exceptional", willful infringement alone is sufficient basis for making such a finding. *See, e.g., Ryco, Inc. v. Ag–Bag Corp.*, 857 F.2d 1418, 1429 (Fed.Cir.1988). Indeed, as the Federal Circuit reiterated in one of its most recent decisions dealing with attorney fees in willful patent infringement cases, a trial court must explain on the record why a case is *not* "exceptional" under the statute in the face of an express finding of willful infringement. *Modine*, 917 F.2d at 543 (emphasis in original).

---

11. *Modine Mfg. Co. v. Allen Group, Inc.*, 917 F.2d 538, 543 (Fed.Cir.1990).

12. As the Federal Circuit has observed, "[a]llowance of fees only in exceptional cases is based on the premise that courts should attempt to strike a balance between the interest of the patentee in protecting his statutory rights and the interest of the public in confining such rights to their legal limits." *Johnson*, 781 F.2d at 200 (citation omitted).

Thus, in view of the jury's finding of willfulness, the court hereby finds this to be an "exceptional" case under 35 U.S.C. § 285. The attorney fees inquiry does not end here, however, because the Federal Circuit has repeatedly held that "[e]ven an exceptional case does not require in all circumstances the award of attorney fees." *See, e.g., Johnson* at 201. Rather, the court must weigh the competing policies underlying the patent statutes and consider factors specific to the case at hand, including "the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." *Id.* The court notes, however, that, although an award of attorney fees is discretionary here, as the Federal Circuit has stated: "District courts have tended to award attorney fees when willful infringement has been proven, and this court has uniformly upheld such awards." *Id.* at 200.

The dispute between Hayes and these defendants has been going on now for some five years. The court is confident that those fees have been, to say the least, substantial. Hayes, in short, has been put to an enormous and expensive burden in litigating this case and a jury has reasonably found that defendants willfully infringed Hayes' valid patent. The court has today declined to disturb that verdict.

In *Power Lift, Inc. v. Lang Tools, Inc.,* the Federal Circuit affirmed an award of attorney fees based on a jury finding of willfulness. 774 F.2d 478, 482 (Fed.Cir. 1985). The court, in affirming the trial court's granting of attorney fees, quoted the trial court to the effect that defendants' conduct was such as to make it "grossly unfair" for the plaintiff "to sustain the expense of counsel". *Id.*

In the instant case, the court gave the following instructions to the jury on the issue of willful infringement:

If you find the Heatherington patent to be valid and that defendants have infringed one or more claims of the Heatherington patent, then you must consider whether or not plaintiff has also proven by clear and convincing evidence that each defendant's individual infringement was willful, wanton and deliberate. ¶ A potential infringer with knowledge of a patent has an affirmative duty to exercise due care to determine whether it is infringing valid patent rights before initiating or continuing its potentially infringing activity. For a finding of willful infringement, it must appear that the infringer had no reasonable basis for believing it had a right to do the acts in question. The test is whether, under all the circumstances, a reasonable person would prudently conduct himself with any confidence that a court might hold the patent invalid. To make this determination you are to consider the totality of the circumstances. ¶ Your determination of willful infringement must be separate and distinct for each of the defendants, Everex, Omnitel and Ven–Tel.

Instruction No. 59 *"Willful Infringement."* (emphasis added);

The court also instructed the jury:

Some of the factors to be considered in determining if the defendants willfully infringed include: ¶ (1) Whether the defendants relied upon legal advice from a competent attorney before initiating or continuing their infringing activity. Good faith reliance on an opinion of a competent attorney may overcome a charge of willful infringement; and ¶ (2) Whether the defendants deliberately copied the claimed invention of Hayes. ¶ No factor is dispositive or conclusive and it is necessary to look at the totality of circumstances presented in the case when determining willful infringement.

Instruction No. 60 *"Willful Infringement Factors."*

Thus, in finding willful infringement, the jury can be inferred to have found, under the instructions given it, that "under all the circumstances" a "reasonable person" would *not* have "prudently conduct[ed] himself with any confidence that a court might hold the patent invalid."[13] Given

---

**13.** It is reasonable to assume that the jury also found either that defendants did not rely in

this finding, which the court refused to overturn on defendants' JNOV motions, the court finds that, in this case, it would be unfair not to expect defendants to pay Hayes' reasonable attorney fees. The court hopes that its holding will serve to help deter would-be future infringers from plunging into complex, expensive litigation, while continuing their infringing behavior, in the absence of more of a good faith belief in the rightness of their cause than defendants apparently had here.

In accordance with the above, and upon long and careful consideration of all factors, particularly those leading to the jury's finding of willful infringement, and relevant federal policies, plaintiff's motion for attorney fees is hereby GRANTED.

### F. Hayes' Motion for Accounting of Infringing Sales Subsequent to December 31, 1990 and for Entry of Supplemental Judgment

As all defendants agreed, at the April 5, 1991 hearing before this court, to supply Hayes with the requested accounting of infringing sales from December 31, 1990 until the date of issuance of this order, and for good cause appearing, the court hereby GRANTS Hayes' motion and ORDERS each defendant to provide Hayes with the requested accounting. Likewise, the court GRANTS Hayes' motion for entry of supplemental judgment. Upon receipt of a proposed judgment and the verified sales figures of each defendant, the court will enter judgment in favor of Hayes and against each defendant in the amount of the verified sales figures multiplied by 1.75% and ENHANCED BY TWO TIMES, together with simple prejudgment interest at the rate of seven (7) percent on the compensatory (non-enhanced) portion of these damages;

### G. Hayes' Motion for Rule 11 Sanctions

■ Finally, Hayes moves the court to impose sanctions, under Fed.R.Civ.P. 11,

good faith "upon legal advice from a competent attorney" and/or that "defendants deliberately copied the claimed invention of Hayes."

against defendants and their counsel, in the amount of $42,600[14], for presenting the defense of "fraud on the patent office" and inequitable conduct at trial even though, Hayes alleges, defendants and their counsel knew or should have known that this defense was not grounded in fact. Hayes' theory is that this claim was "frivolous" and that, thus, defendants should be required to reimburse Hayes for reasonable costs incurred in defending against it. The court denies this motion for two reasons.

First, under Rule 11, a pleading, motion, or other paper is frivolous only where it is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1140 (9th Cir.1990). This is a difficult standard to meet, and the court finds that the conduct of defendants and their counsel do not meet it. Second, it is obvious to the court that Mr. Zimmer was an integral part of Hayes' "trial team", testifying on many aspects of patent law, interpretation and procedure far removed from simply rebutting an inequitable conduct claim. Thus, it would be unfair to require defendants to pay for his attendance at trial as a form of sanction under Rule 11.

For the foregoing reasons, Hayes' motion for Rule 11 sanctions is hereby DENIED.

## IV. CONCLUSION

In accordance with the foregoing, it is hereby ORDERED that:

(1) Defendants' motions for judgment notwithstanding the verdict are DENIED;

(2) Hayes' motion for permanent injunction is GRANTED. Defendants Everex, Ven–Tel, and Omnitel, and all other entities owned or controlled by them, and all officers, agents, servants, and employees of same, are prohibited and enjoined, from this day forward until the expiration of U.S. Letters Patent 4,549,302, from in any way directly, indirectly, or contributorily

14. This is the amount Hayes claims it spent having patent attorney Eugene S. Zimmer attend the proceedings in this court.

infringing or inducing or aiding or abetting infringement of said patent;

(3) Defendants' motions for stay of injunction are hereby GRANTED, and the injunction ordered in paragraph (2), above, is stayed pending appeal, under the following conditions:

(A) Upon the completion of each three-month period, commencing on the date of issuance of this order and continuing during the pendency of any appeal, each defendant shall deposit, in a savings account with an FDIC-insured banking institution designated by Hayes, royalties, to be set at 1.75%, on net sales of infringing products;

(B) At such time as the total deposits in any single banking institution reach $100,-000, Hayes shall designate a different FDIC-insured banking institution for deposit of royalties in excess of $100,000. This procedure shall be repeated as often as necessary to ensure that no more than $100,000 in royalties shall remain in any one institution;

(C) At such time as the judgment of this court is affirmed, reversed, or remanded, the parties shall move the court for a hearing on the disposition of the funds designated in subparagraphs (3)(A) and (B) above, and the matter shall be set on the court's calendar;

(D) Notwithstanding the status of the appeal of this court's judgment, the court hereby sets a status conference for January 10, 1992, at 10:00 a.m., in Courtroom 1, to consider whether the imposition of injunction shall be further stayed;

(E) The above-outlined procedure is without prejudice to any party to calendar a motion on the injunction, the stay thereof, or the royalty deposit procedure, in the event such party believes it is prejudiced by any or all of these;

(4) Hayes' motion for award of prejudgment interest is GRANTED and:

(A) All defendants shall pay Hayes prejudgment interest on the compensatory (non-enhanced) portion of the damages awarded by the court in this matter;

(B) The interest awarded shall be at seven (7) percent simple interest per annum and shall be based on semiannual collection;

(C) Interest for Ven–Tel and Omnitel shall be calculated beginning October 22, 1985 and ending with the date of issuance of this order. Interest for Everex shall be calculated beginning October 22, 1986 and ending with the date of issuance of this order;

(D) The parties shall submit jointly a calculation of the specific amounts of interest due hereunder;

(5) Hayes' motion for enhanced damages is GRANTED and the damages found and assessed by the jury against each defendant, not including the prejudgment interest awarded in paragraph 4 above, are ENHANCED BY TWO TIMES, but no prejudgment interest shall be awarded on the enhanced portion of the damages;

(6) Hayes' motion for attorney fees is hereby GRANTED;

(7) Hayes' motion for accounting of infringing sales subsequent to December 31, 1990 and for entry of supplemental judgment is GRANTED. Within thirty (30) days of the issuance of this order, each defendant shall provide to Hayes a verified and sworn schedule of its sales of infringing products, and make its books and records available for inspection by Hayes for verification of the sales figures. Upon receipt of a proposed judgment and the verified sales figures of each defendant, the court will enter judgment in favor of Hayes, and against each defendant, in the amount of the verified sales figures multiplied by 1.75% and ENHANCED BY TWO TIMES, together with simple prejudgment interest at the rate of seven (7) percent on the compensatory (non-enhanced) portion of these damages;

(8) The judgment entered today in conjunction with this order is supplemental to the judgment entered in favor of Hayes and against defendants on January 28, 1991 and any subsequent judgment, and is not duplicative or cumulative of any other judgment;

(9) Hayes' motion for Rule 11 sanctions is DENIED.

In accordance with the above order, entered herein on April 22, 1991, it is hereby ORDERED, ADJUDGED AND DECREED that:

(1) Judgment is hereby entered:

(A) in favor of Hayes and against Everex Systems, Inc. ("Everex") in the amount of $1,614,839.50 (representing two times the amount awarded by the jury minus the $1,614,839.50 already entered against Everex in the judgment dated January 28, 1991);

(B) in favor of Hayes and against Ven–Tel, Inc. ("Ven–Tel") in the amount of $1,010,116.50 (representing two times the amount awarded by the jury minus the $1,010,116.50 already entered against Ven–Tel in the judgment dated January 28, 1991); and

(C) in favor of Hayes and against Omnitel, Inc. ("Omnitel)" in the amount of $884,854.92 (representing two times the amount awarded by the jury minus the $884,854.92 already entered against Omnitel in the judgment dated January 28, 1991).

(2) Costs are taxed against the defendants. The amount of taxable costs will be determined in accordance with Local Rule 265.

IT IS SO ORDERED.