**Susan M. MAXWELL, Plaintiff,**

v.

**J. BAKER, INC., and Prange Way, Inc., Defendants.**

**Civ. No. 4–90–941.**

United States District Court, D. Minnesota, Fourth Division.

March 10, 1995.

Earl D. Reiland, Daniel W. McDonald, Alan G. Gorman, and Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., Minneapolis, MN, for Susan Maxwell.

James J. Foster, Philip G. Koenig, Douglas R. Wolf, and Wolf, Greenfield & Sacks, P.C., Boston, MA, and Bruce H. Little, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, MN, for J. Baker, Inc.

## ORDER AND INJUNCTION

DOTY, District Judge.

This matter is before the court on plaintiff Susan M. Maxwell's motion for injunctive relief pursuant to 35 U.S.C. § 283. Defendant J. Baker opposes the motion and, in the event such relief is granted, moves for a stay pending appeal under Fed.R.Civ.P. 62(c). Based on a review of the file, record and proceedings herein, and for the reasons stated below, the court grants plaintiff's motion and denies defendant's motion for stay.

## BACKGROUND

On November 10, 1993, after a month long trial, a jury verdict upholding the '060 patent and finding infringement was returned. The jury found that J. Baker used and continues to use shoe connection systems which infringe the patent and that the infringement by J. Baker after 1990—when it had actual notice of the patent—was willful. To compensate Maxwell for infringement the jury awarded approximately $3 million in damages. The court recently denied J. Baker's motions for judgment as a matter of law and a new trial. The court now addresses Maxwell's entitlement to injunctive relief.

## DISCUSSION

The patent statute expressly provides for the grant of injunctions "in accordance with the principles of equity." 35 U.S.C. § 283. The parties agree that "[i]t is the general rule that an injunction will issue when infringement has been adjudged, absent a sound reason for doing so." *Richardson v. Suzuki Motor Co., Ltd.,* 868 F.2d 1226, 1247 (Fed.Cir.1989) (citation omitted). The court has broad discretion in determining whether an injunction is warranted. After considering all the facts and circumstances, the court is unpersuaded that any sound reason exists for denying injunctive relief. Based on the jury's finding of infringement the court grants Maxwell's motion for injunctive relief under the terms set out at the conclusion of this order.

■ Rule 62(c) of the Federal Rules of Civil Procedure states that a district court "in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal." There are four factors to be considered in deciding whether to grant a stay of injunction pending appeal under Rule 62(c): (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Standard Havens Products, Inc. v. Gencor Indus., Inc.,* 897 F.2d 511, 512 (Fed.Cir.1990) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987)). In support of its request for a stay, J. Baker asserts that it has a high likelihood of prevailing on appeal and that the balance of harm tips decidedly in its favor.

### A. Likelihood of Success

J. Baker contends that its likelihood of success on appeal is exceedingly strong. The court recently denied J. Baker's motions for judgment as a matter of law and a new trial. Based on a review of the evidence and legal authority, the court is not convinced that J. Baker has demonstrated a strong likelihood

of success on appeal. J. Baker also asks that any injunctive relief be deferred until the Federal Circuit resolves the substantive legal issues involved in *Hilton Davis Chemical Co. v. Warner–Jenkinson Co., Inc.*, No. 93–1088 (Fed.Cir.) (en banc). The decision in that case is expected to clarify and may redefine the doctrine of equivalents and the respective roles of the court and the jury in applying the doctrine. While the court is confident the Federal Circuit will impart helpful guidance on these issues, the court concludes that the *Hilton* case does not warrant a stay of injunctive relief.

## B. Irreparable Harm

■ In matters involving patent rights, irreparable harm may be presumed where there has been a clear showing of patent validity and infringement. "This presumption derives in part from the finite term of the patent grant, for patent expiration is not suspended during the litigation, and the passage of time can work irreparable harm." *H.H. Robertson, Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 390 (Fed.Cir.1987). In view of the fact that the principal right afforded by a patent is the right to exclude, the nature of the patent grant "weighs against holding that monetary damages will always suffice to make the patentee whole." *Id.*

■ In addition to the general presumption of irreparable harm, Maxwell has shown that the lack of injunctive relief against J. Baker is destroying the value of her patent. Maxwell's recent efforts to enforce her patent in the shoe industry have failed miserably despite the findings of the jury. Others in the shoe industry have been unwilling to negotiate a license with Maxwell and continue to infringe her patent. Although the court is aware that use of the infringing systems has long been widespread in the industry, the court finds that J. Baker's continued defiance of the '060 patent, apparently without repercussion, encourages others in the industry to infringe. The court hopes that the issuance of an injunction will deter other existing or potential infringers and encourage them to seek a resolution with Maxwell.

## C. Balance of Hardships

■ Both parties claim that the balance of harm tips in their favor. J. Baker contends that it faces hundreds of thousands of dollars in expense and substantial disruption of its business if Maxwell's motion for an immediate injunction is granted. While there is some risk that J. Baker may incur some unrecoverable expenses should it prevail on appeal, it has not demonstrated substantial harm. The court finds that the harm alleged by J. Baker pales in comparison with the harm established by Maxwell.

Unlike the cases cited in support of its motion for a stay, the harm alleged by J. Baker does not threaten its business or its viability. *See Standard Havens Products, Inc. v. Gencor Indus., Inc.*, 897 F.2d 511 (Fed.Cir.1990); *In re Hayes Microcomputer Products, Inc. Patent Litigation*, 766 F.Supp. 818 (N.D.Cal.1991). The infringers in those cases faced being forced out of business if an injunction was not stayed pending appeal. Such severe financial consequences are not present here. Moreover, as the patentee in *Hayes* had licensed its patented technology to eighteen other companies, the court found that the harm done by the sales of three infringers was not likely to be irreparable. *Hayes*, 766 F.Supp. at 823. The inability to exclude others and the strong resistance Maxwell faces in the shoe industry, however, is causing her substantial injury.

J. Baker also makes the brazen claim that Maxwell can only gain from J. Baker's continued infringement because her royalties will amass in proportion with J. Baker's sales. The court has considered that Maxwell would be entitled to receive additional damages for J. Baker's continued infringement. Maxwell receives no benefit, however, from continuing infringement by an entire industry which perceives no reason to stop infringing. Based on the nature of the patent grant and all the facts and circumstances of this case, the court finds that such monetary damages will not suffice to make Maxwell whole.

## D. Public Interest

Both parties contend that the public harm favors their position. Maxwell sees herself as an individual who has taken on the giant shoe industry and in some ways this description rings true. Maxwell contends that the policies of enforcing valid patent rights and protecting the integrity of the patent system will be furthered by granting injunctive relief. J. Baker argues the public interest is best served by maintaining the status quo. In weighing these considerations, the court finds that the public interest lies with Maxwell and supports the grant of injunctive relief in this case.

## CONCLUSION

■ Based on the patent statute, the jury's verdict and the circumstances of this case, the court holds that Maxwell is entitled to injunctive relief and that a stay pending appeal is not warranted. Given the magnitude of the inventory and the apparent hardship involved, the scope of the injunction shall be limited to newly ordered shoes and will not extend to existing inventory. Accordingly, J. Baker will be permitted to sell off its current inventory of shoes connected with the infringing systems.

Based on the foregoing, **IT IS HEREBY ORDERED** that J. Baker and any related entities or persons, including its officers, agents and employees, are enjoined from infringing, inducing others to infringe or contributing to the infringement of United States Patent No. 4,624,060. Specifically, J. Baker shall cease and refrain from manufacturing, using or selling any shoes connected with a system covered by the patent, including the following systems:

1. A system in which a loop is secured between the inner and outer sole of the shoe;

2. A system in which a loop is secured between the inner sole and the sock lining of the shoe;

3. A system in which a loop is secured at a top seam or top line of the shoe whether or not the shoe has a lining;

4. A system in which a loop is secured at a seam in the counterpocket of the shoe.

**IT IS FURTHER ORDERED** that the injunction shall become effective on May 1, 1995. The injunction is limited to newly ordered shoes and does not extend to existing inventory.