ROCKET JEWELRY BOX, INC.,
Plaintiff–Appellee,

v.

QUALITY INTERNATIONAL
PACKAGING, LTD., Defendant–Appellant.

No. 03–1307.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 12, 2004.

Before MICHEL, SCHALL, and PROST, Circuit Judges.

PROST, Circuit Judge.

Quality International Packaging, Ltd. ("Quality") seeks reversal of the United States District Court for the Southern District of New York's judgment granting Rocket Jewelry Box, Inc. ("Rocket") pre-

judgment interest and a permanent injunction as remedies for Quality's infringement of U.S. Design Patent No. 333,264 ("the '264 patent"). *Rocket Jewelry Box, Inc. v. Quality Int'l Packaging Co., Ltd.,* 250 F.Supp.2d 333 (S.D.N.Y.2003). Although we *affirm* the district court's decision to grant such remedies under the arbitration agreements, we *vacate-in-part* and *remand* because the permanent injunction does not comply with Rule 65(d) of the Federal Rules of Civil Procedure.

I

In its Second Amended Complaint, dated December 8, 1998, Rocket sought, *inter alia,* a finding that certain jewelry boxes manufactured and sold by Quality under the Marseille and Florence trademarks infringed the '264 patent. Rocket therefore sought money damages, prejudgment interest, and a permanent injunction. By stipulation dated March 29, 1999 ("First Stipulation"), the parties agreed to submit all issues in the action to an American Arbitration Association ("AAA") arbitration panel. The parties supplemented this agreement on January 18, 2000 ("Second Stipulation"), noting that the arbitration panel should decide issues of validity and infringement while reserving for the district court the evaluation of any 35 U.S.C. § 112 defenses and assessment of the amount of Rocket's damages. In its Final Award issued January 8, 2001, the panel found the '264 patent valid and infringed by seven of ten products in Quality's Florence and Marseille lines of jewelry boxes. It also found that such infringement was willful as of February 9, 1999. The district court confirmed the panel's Final Award by order filed May 10, 2002. *Rocket Jewelry Box. Inc. v. Quality Int'l Packaging Co., Ltd.,* No. 95 Civ 7900, slip op. (S.D.N.Y. May 10, 2002) (order granting motion to confirm the arbitration award).

The parties held a trial at the district court on May 13, 2002, on the issue of damages. The parties stipulated that the amount of actual damages was $65,054, leaving the question of enhanced willfulness damages to the court. Notably, Rocket also filed a motion at the district court for a permanent injunction. Quality opposed this motion, arguing that only the arbitration panel could grant injunctive relief and prejudgment interest. The court, however, found that it had the authority to grant such relief. On March 3, 2003, the district court entered a money judgment against Quality of $65,504 (finding no enhancement of damages for willfulness), granted Rocket's motion for a permanent injunction, and awarded Rocket prejudgment interest. *Rocket Jewelry Box,* No. 95 Civ. 7900, slip op. (S.D.N.Y. Mar. 3, 2003).

Quality filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(4)(c).

II

On appeal, Quality argues that the district court did not have the authority under the arbitration agreements to grant a permanent injunction or prejudgment interest. Thus, because Rocket could have but did not request such relief from the arbitration panel, Quality maintains, *res judicata* applies to the Final Award and bars Rocket from seeking these remedies at the district court. At a minimum, Quality contends that the district court should have let the arbitration panel decide any questions as to the arbitrability of a permanent injunction or prejudgment interest. Quality alternatively argues that Rocket waived its right to a permanent injunction or prejudgment interest by failing to include such claims in the Joint Pretrial Order filed with the district court. Finally, according to Quality, even if we

affirm the district court's determination regarding remedies, we must vacate and remand because the permanent injunction does not comply with the requirements of Rule 65(d) of the Federal Rules of Civil Procedure.

Rocket responds that the Second Stipulation limited the issues for arbitration, leaving other issues such as remedies to the district court. In addition, Rocket argues it did not waive its right to a permanent injunction or prejudgment interest by not including specific requests therefor in the Joint Pretrial Order because (1) the "amount" of damages inherently included the amount of prejudgment interest, and (2) the panel's finding of infringement entitled Rocket to an injunction. Finally, on the question of whether the injunction complied with Rule 65(d) of the Federal Rules of Civil Procedure, Rocket maintains that the district court has not in fact ordered an injunction given the absence of a separate order.

When presented with procedural issues arising out of patent arbitrations, we "apply the law of the regional circuit to which the district appeal normally lies." *Flex–Foot, Inc. v. CRP, Inc.,* 238 F.3d 1362, 1365 (Fed.Cir.2001). Conversely, if the issues arising out of the patent arbitration are unique to patent law and are intimately involved in its substance, we will apply our own law. *Id.* Here, we must determine whether the arbitration panel or the district court had the authority to grant a permanent injunction and prejudgment interest. Because this question is neither unique to patent law nor intimately involved therewith, we will apply the law of the Second Circuit, which reviews a district court's determination of the arbitrability of a claim *de novo. Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.,* 246 F.3d 219, 225 (2d Cir.2001). In addition, the Second Circuit reviews *de novo* whether the issue of arbitrability is for the court or the arbitrator. *Bell v. Cendant Corp.,* 293 F.3d 563, 565 (2d Cir. 2002). Thus, we will also review these issues *de novo.*

A

We begin with an analysis of the arbitration agreements to determine whether the district court or the arbitration panel had the authority to grant a permanent injunction and prejudgment interest. The First Stipulation states that the parties would submit "all of the issues" in dispute to an AAA arbitration panel. The Second Stipulation begins by stating that the First Stipulation "shall remain in full force and effect except as modified below." It thereafter states, however, that "arbitration will proceed based on all of the issues related to the validity and infringement" of the '264 patent. In fact, five paragraphs in the Second Stipulation–paragraphs 8, 9, 10, 11, and 13–characterize the panel's role as simply ruling on validity and infringement. Finally, in paragraph 9, the Second Stipulation specifically refers to the district court the determination of the amount of damages. Based on this language, the arbitration panel itself issued an order on March 19, 2000, in which it outlined the issues for the hearing as:

> (a) validity of the '264 Patent (with the exception of the defenses enumerated in 35 USC Section 112, which are excluded by the first sentence of paragraph 8 of the January 18, 2000 "Stipulation" of the parties) and (b) infringement of the '264 Patent by any product or products, including without limitation, the Marseille line, as well as the Florence lines of products.

Notably, the panel did not include in its order any issues relating to remedies.

■ Based on a combined reading of the stipulations, we conclude that the dis-

trict court had the authority to grant a permanent injunction and prejudgment interest. Although the First Stipulation was broad, we agree with the district court that the Second Stipulation limited the panel's authority to the issues of validity and infringement of the '264 patent, thereby leaving the determination of remedies to the district court. The panel's March 19, 2000, order is consistent with this reading. Further, the fact that the arbitration panel did not address Rocket's requests for a permanent injunction and prejudgment interest in its Final Award is an additional indication that these issues were left to the district court. Based on this reading, we also agree with the district court's threshold decision that the determination of such remedies was within the scope of its authority.

■ Addressing Quality's waiver argument, we agree with the district court that Rocket's failure to request a permanent injunction and prejudgment interest in the Joint Pretrial Order did not constitute a waiver of those claims. To begin with, Rocket sought a permanent injunction in its amended complaint. Moreover, as the district court noted, pursuant to Rule 54(c) of the Federal Rules of Civil Procedure "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in the party's pleadings."* Fed.R.Civ.P. 54(c) (emphasis added). Thus, whether or not Rocket had specifically requested it, the district court could grant the proper relief, including prejudgment interest and a permanent injunction. In fact, as the district court noted, courts usually grant permanent injunctions, unless the public interest dictates otherwise. *See Odetics, Inc. v. Storage Tech. Corp.,* 185 F.3d 1259 (Fed.Cir. 1999) (stating that an injunction should generally follow an infringement verdict).

Finally, we agree with the district court's assessment that, because Rocket filed a separate motion asking for a permanent injunction and gave no indication that it would abandon its pursuit of the matter, Rocket satisfied the notice purpose of the rule that pretrial orders delineate the proceedings.

### B

Finally, on appeal, Quality also challenges the district court on the grounds that it did not comply with the requirements of Rule 65(d) of the Federal Rules of Civil Procedure. Rocket counters that the district court has not in fact issued an injunction yet and therefore requests a remand. Rocket's argument rests on the Judgment issued by the district court on March 3, 2003, which orders $65,905 in money damages and prejudgment interest as of February 5, 1999, but does not mention a permanent injunction.

First, we reject Rocket's argument and conclude that the district court did in fact order a permanent injunction in its Opinion and Order issued March 3, 2003. The district court specifically stated "[t]he Court *orders* that Quality be permanently enjoined from marketing the Florence and Marseille lines of jewelry boxes, or any similar such boxes, which infringe Rocket's '264 patent." *Rocket Jewelry Box,* 250 F.Supp.2d at 340, slip op. at 11 (S.D.N.Y. 2003) (emphasis added). In its conclusion it reiterated that "Quality is hereby permanently enjoined from selling any jewelry boxes similar to those sold under the Florence and Marseille trademarks." *Id.* at 341, 13. These statements demonstrate that the district court has ordered a permanent injunction.

■ We do agree with Quality, however, that neither of the district court's statements comports with Rule 65(d) of the

Federal Rules of Civil Procedure, which states that:

> Every order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Fed.R.Civ.P. 65(d). In addition to enjoining Quality from marketing and selling the Florence and Marseille lines of jewelry boxes, the district court also enjoined Quality from marketing and selling "any similar such boxes" and "any jewelry boxes similar to those sold under the Florence and Marseille trademarks." *Rocket Jewelry Box*, No. 250 F.Supp.2d at 340, 341, slip op. at 11, 13 (S.D.N.Y.2003). In so doing, however, the district court neither set forth the reasons for issuing this broad injunction nor specified and described in reasonable detail the parameters for determining the extent of any such "similarity." Therefore the district court's order does not comply with Rule 65(d).

For the reasons given above, we affirm-in-part, vacate-in-part, and remand.